JERRY HEDGECOUGH v. STATE OF INDIANA.

[No. 2-1274A298. Filed May 19, 1975.]

*Stephen J. Cuthbert,* Tippecanoe Public Defender, of Lafayette, for appellant.

*Theodore L. Sendak,* Attorney General, *Robert F. Colker,* Assistant Attorney General, for appellee.

LYBROOK, J.—Defendant-appellant Hedgecough was convicted of second degree burglary after a jury trial.

The sole error assigned in his appeal involves the propriety of the trial court in failing to suppress his written confession which was admitted into evidence at trial. Defendant's argument concerns a waiver form signed by him, which he contends contains confusing language and was not adequately explained to him.

We affirm, holding that the trial court did not err in admitting defendant's written confession into evidence.

Prior to giving his written statement defendant had been

in custody of the Lafayette police undergoing interrogation regarding a stolen vehicle. After declining to discuss that matter further, Hedgecough requested permission to talk to Lt. Worthington of the Tippecanoe County Sheriff's Department. He was then taken to the county jail where he conversed with Lt. Worthington and Sgt. Wise, the latter explaining his rights to him. Hedgecough then signed a Warning and Waiver form, which read as follows:

## "WARNING AND WAIVER
### Warning as to Rights

Before we ask you any questions, it is our duty as police officers to advise you of your rights and to warn you of the consequences of waiving your rights.

You have the absolute right to remain silent.

Anything you say to us can be used against you in court.

You have the right to talk to an attorney before answering any questions and to have an attorney present with you during questioning.

You have this same right to the advice and presence of an attorney whether you can afford to hire one or not. We have no way of furnishing you with an attorney, but one will be appointed for you, if you wish, if and when you go to court.

If you decide to answer questions now without an attorney present, you will still have the right to stop answering at any time. You also have the right to stop answering at any time until you talk to an attorney.

### Waiver

I have read the above statement of my rights and it has been read to me. I understand what my rights are. I wish to make a voluntary statement, and I do not want an attorney. No force, threats, or promises of any kind or nature have been used by anyone in any way to influence me to waive my rights. I am signing this statement after having been advised of my rights before any questions have been asked of me by the police.

Jerry D. Hedgecough

### Certification

I hereby certify that the foregoing warning and waiver were read by me to the person who has affixed his (her) signature above, and that he (she) also read it and signed

it in my presence this 21 day of Mar. 1974, at 10:45 o'clock A.M. at Lafayette, Indiana.

Max L. Wise Sgt.-T.C.P.D.
Signature—Police Officer
Robert Worthington Lt. T.C.P.D.
Witness"

Similar forms to the above have survived the scrutiny of our courts. *Jones* v. *State* (1969), 253 Ind. 235, 252 N.E.2d 572; *Cooper* v. *State* (1974), 261 Ind. 659, 309 N.E.2d 807. It is true however, as defendant contends, that merely handing an accused the form to sign is insufficient unless it is accompanied by a clear and adequate explanation. *Dickerson* v. *State* (1972), 257 Ind. 562, 276 N.E.2d 845; *Bauer* v. *State* (1973), 157 Ind. App. 400, 300 N.E.2d 364; *Jones* v. *State, supra.* The proper test is set forth in *Jones* as follows:

". . . The crucial test is whether the words in the context used, considering the age, background, and intelligence of the individual being interrogated, impart a clear, understandable warning of all of his rights." *Coyote* v. *United States* (1967 C.A. 10th Cir.) 380 F.2d 305, 308.

Defendant contends that the form itself is misleading and that his signature thereon indicates that he understood his rights, but does not mean that he intended to waive them. He further maintains that the paragraph informing him of his right to counsel contains conflicting advice as to his right to counsel prior to and during questioning. He further argues that the explanation of Sgt. Wise did not clarify the confusion in the form.

We do not agree. The record reveals that the form was explained by officer Wise sentence by sentence. The record further showed that defendant understood both the explanation and his rights as well, particularly as to his right to an attorney at that time as exhibited by the following testimony:

"Q. Did you ask them to allow you to call an attorney at that time?

A. I don't remember if I did or not.

Q. Did you understand that you didn't have to talk to the police until you had talked to an attorney?

A. Yes sir.

Q. Then you went ahead and talked to the police officers without an attorney at that time?

A. Yes sir."

At another point in the record the defendant indicated that he understood the ramifications of signing the waiver portion as evidenced by the following testimony:

"Q. When you were in the room in which your statement was taken, did Officer Wise read you your warning as to your constitutional rights?

A. Yes sir.

Q. Did he also read you a paragraph, a second paragraph on that Waiver of Rights form which was entitled Waiver?

A. I think he did.

Q. Do you know what waiver means?

A. Well, it more or less gives up your rights."

We therefore conclude that Officer Wise explained Hedgecough's rights to him with the requisite amount of clarity required by the above cited authorities. We further conclude that the defendant possessed sufficient understanding of his rights.

The judgment of the trial court is therefore affirmed.

Affirmed.

Robertson, C.J. and Lowdermilk, J., concur.

NOTE.—Reported at 328 N.E.2d 230.