**Paula A. WAKSHLAG, Appellant (Claimant Below),**

**v.**

**REVIEW BOARD OF the INDIANA EMPLOYMENT SECURITY DIVISION, William H. Skinner, David L. Adams and Paul M. Hutson, as Members of and as constituting the Review Board of the Indiana Employment Security Division, and Ira Zinman (Employer Below) Appellees.**

**No. 2–880A265.**

Court of Appeals of Indiana, First District.

Dec. 30, 1980.

Barbara Freedman Wand, Andrew C. Mallor & Associates, Bloomington, for appellant.

Theodore L. Sendak, Atty. Gen., Stephen J. Cuthbert, Deputy Atty. Gen., Indianapolis, for Review Board.

Claudia Carroll, Bloomington, for Ira Zinman.

NEAL, Judge.

## STATEMENT OF THE CASE

This is an appeal from a decision of the Review Board of the Indiana Employment Security Division (the Review Board) denying the claim of Paula A. Wakshlag (Claimant).

We affirm.

## STATEMENT OF THE FACTS

The evidence most favorable to the decision is as follows: Claimant was employed as a secretary by Ira Zinman (Zinman), an attorney, in August of 1978 and was discharged in December of that year. Her claim for unemployment benefits was allowed by a deputy and affirmed by a referee after a hearing requested by Zinman.

The referee stated the following reasons for his decision:

"Under the Indiana Employment Security Act, if the claimant is to be denied unemployment benefits, it must be shown that she was discharged for just cause. In view of the evidence, the referee finds a lack of just cause as defined by the Act. Although the claimant's work may not have been satisfactory and warranted a discharge, such a reason does not disqualify the claimant from unemployment benefits. The referee finds that there was no deliberate attempt to defy the directions of the employer; the claimant tried, but her efforts were less than satisfactory.

From the foregoing findings, it is concluded that claimant was discharged but not for just cause." .

Zinman appealed the decision of the referee to the Review Board on July 18, 1980. In reversing the referee, the Review Board made the following findings of fact and conclusions of law:

"STATEMENT OF FACTS: The evidence of record indicates that claimant worked for this employer from August 1978, to on or about December 15, 1978 as a paralegal graduate, but did not become an employee until she accepted the position as a secretary, in accordance with her request, until a more qualified person could be found to fill the position; that claimant was discharged due to a lack of consistency in performance of her assigned duties; that employer testified that claimant's inconsistencies were due to her refusal to follow instructions; that employer further indicated that claimant had been instructed, on various occasions, how to transfer items to the journal relative to her bookkeeping responsibilities, but that claimant would change the headings in the journal that resulted in various expense items being placed in the wrong headings such as, parking expenses or insurance expenses placed in the heading of labor expenses; that employer testified that claimant also disregarded the instructions given her in the

preparation of legal documents for the courts; that claimant failed to prepare the number of copies required by the courts and prepare the number of copies required by the courts and prepare them in a neat and orderly manner; that claimant denied employer's allegation that it appeared that she refused to do things as instructed and testified 'I tried to do it, you know, the way I thought it should be done and the way they told me it should be done'; that claimant indicated that some instructions were confusing to her in that she was given instructions on how to do something one way and then employer's associate wanted it done differently from the previous instruction given to her by the employer; that employer indicated that claimant's testimony that she did her job the way that she thought it should be done was the major problem, and further indicated that claimant would inquire as to why a job was not done a specific way, and wanted to always do it her way, and that he would have to argue with her to get the job completed in the right fashion.

FINDINGS AND CONCLUSIONS: The Review Board finds that claimant was employed as a secretary from August 1978, to December 1978, performing various clerical duties and including bookkeeping and was discharged for inconsistency in the performance of her duties. It further finds that the evidence indicates that there were inconsistencies in claimant's performance of her duties in the area of bookkeeping in which claimant had been given instruction by the employer as to how to perform this function.

It further finds that employer's testimony, indicating claimant's inconsistencies were due to her failure to follow instructions, is supported by claimant's testimony that 'I tried to do it, the way I thought it should be done, and the way she [sic] was instructed to do the job', which indicates that at times she performed the job as instructed and other times she performed the job the way she thought it should be done.

The Review Board concludes that claimant was discharged from her employment when she failed to perform her duties as instructed.

It further concludes that claimant's failure to obey the instructions given her by the employer constitutes a breach of duty owed the employer by the employee, therefore, claimant was discharged for just cause in connection with work within the meaning of Chapter 15–1 of the Act. DECISION: The decision of Referee Lewis in Case No. 79–A–5831, mailed June 29, 1979, is hereby reversed this 17th day of July, 1980. The statutory disqualification under Chapter 15–1 of the Act is imposed effective week ending December 15, 1978."

## ISSUES

Claimant raises three issues for consideration:

I. Whether the conclusion of the Review Board that claimant was discharged for just cause is contrary to law;

II. Whether the decision of the Review Board was supported by sufficient evidence;

III. Whether claimant was denied due process of law.

## DISCUSSION AND REVIEW

*Issue I. Contrary to law*

Ind.Code 22–4–15–1 (Supp.1979), as relevant here, provides as follows:

" 'Discharge for just cause' as used in this section is defined to include but not be limited to separation initiated by an employer for falsification of an employment application to obtain employment through subterfuge; knowing violation of a reasonable and uniformly enforced rule of an employer; unsatisfactory attendance, if the individual cannot show good cause for absences or tardiness; damaging the employer's property through wilful negligence; refusing to obey instructions; reporting to work under the influence of alcohol or drugs or consuming alcohol or drugs on employer's

premises during working hours; conduct endangering safety of self or coworkers; incarceration in jail following conviction of a misdemeanor or felony by a court of competent jurisdiction or for any breach of duty in connection with work which is reasonably owed employer by an employee."

Claimant contends the evidence most favorable to the judgment merely shows lack of competence on her part. She points out that in describing those actions which may constitute valid reasons for discharge the General Assembly used the terms "falsification," "subterfuge," "knowing violation," "wilful negligence," "refusing," and the like. She also draws attention to the language of Ind.Code 22-4-1-1 indicating that the following statutes were enacted and designed to provide benefits "to persons unemployed through no fault of their own." Thus she asserts that "discharge for just cause" includes an element of wilful or wanton misconduct and that, in the absence of a finding that her failure to obey instructions was wilful or wanton, the Review Board's conclusion is contrary to law.

■ "Fault," or "just cause," as used in the Employment Security Act, means failure or volition, and does not mean something blameworthy, culpable, or worthy of censure. *Walter Bledsoe Coal Company v. Review Board*, (1943) 221 Ind. 16, 46 N.E.2d 477. The mere failure on the part of the Review Board to use in its findings and conclusions the words "wilful" or "wanton" does not evidence the application of an erroneous standard for measuring the employee's conduct. *White v. Review Board*, (1972) 151 Ind.App. 426, 280 N.E.2d 64; *Gardner v. Review Board*, (1974) 162 Ind. App. 125, 318 N.E.2d 361. There is no need for the Review Board to make findings of fact as to subjective intent if discharge is reasonably justified on the employee's objective behavior. *Osborn v. Review Board*, (1978) Ind.App., 381 N.E.2d 495.

■ From the foregoing it is apparent that the Review Board's failure to include in its findings the words "wilful," "wanton," "intentional," or some other expression indicating deliberate conduct, is not fatal to its decision.

## Issue II. Sufficiency of the evidence

■ As stated in *White, supra,* the burden of establishing that the discharge was for just cause is upon the employer. However, upon review to this court, the burden is upon the claimant to show that reversible error exists. Again Claimant argues that the evidence merely showed incompetence, and not wilful or wanton misconduct.

■ Whether unemployed persons are without fault must be determined upon the facts and circumstances of the individual case. *Thompson v. Hygrade Food Products Corp.,* (1965) 137 Ind.App. 591, 210 N.E.2d 388. Determination of cause is a question of fact. *Gardner, supra.* It is conduct evidencing such wilful or wanton disregard of the employer's interest as is found in deliberate violations or disregard of standards of behavior which the employer has a right to expect of his employee, or a *carelessness or negligence of such a degree or recurrence* as to manifest equal culpability, wrongful intent, or evil design, or to show an intentional or substantial disregard of the employer's interest, or of the employee's duties or obligation to his employer. *Arthur Winer, Inc. v. Review Board,* (1950) 120 Ind. App. 638, 95 N.E.2d 214.

Our standard for review of unemployment compensation cases was set forth in *Ervin v. Review Board,* (1977) 173 Ind.App. 592, 364 N.E.2d 1189:

"Initially we point out that generally the Review Board's decision as to all questions of fact is conclusive and binding on this court.... In reviewing the evidence to support the Review Board's determination we may not weigh the evidence and may consider only that evidence and the reasonable inferences therefrom most favorable to the Board' decision.... On appeal, we may only disturb the decision of the Review Board if reasonable persons would be bound to reach a different conclusion on the evidence in the record." (Citations omitted.)

173 Ind.App. at 597-598, 364 N.E.2d at 1194-1195.

■ A review of the evidence discloses repeated conferences between Claimant and Zinman where he remonstrated with her about her "solvenly" work and her failure to perform tasks pursuant to his instructions. Zinman characterized her attitude as occasionally defiant. He testified that she did not like the work and refused to make her conduct correspond to what the job required. It is true that Claimant's testimony contradicts Zinman's testimony sharply in many material respects. Claimant invites us to reweigh the evidence; however, under our standard of review we must decline. That is the exclusive function of the Review Board.

■ We therefore hold that the record discloses sufficient evidence of probative value, together with the reasonable inferences to be drawn therefrom, to support the Board's decision that claimant was discharged for just cause.

*Issue III.   Due process*

Claimant contends that the failure of the Review Board or Zinman to notify her that Zinman had filed a brief or to serve her a copy of it, denied her due process. Claimant cites *Wilson v. Review Board*, (1978) Ind.App., 373 N.E.2d 331, for the proposition that an unemployment claim is a property interest protected by due process.[1]

■ Generally, due process means the requirement of notice, an opportunity to be heard, and an opportunity to confront adverse witnesses.

The record discloses that a Form 652 notice of hearing was sent to Claimant by the Review Board. That notice contained an instruction that the parties could be heard in oral argument, and concludes with this sentence: "In most cases attorneys will be allowed time for the filing of briefs and memorandum." Claimant requested a review in lieu of appearance. Zinman requested leave to file a brief in lieu of appearance, which brief was filed on April 7, 1980. It does not appear that the brief or a notice of filing was served on Claimant.

■ Claimant has cited no case law, statute, or administrative rule pertaining to exchange or notice of filing of briefs in Review Board hearings. She has cited no case law holding that such failure constitutes a denial of due process, and we are aware of none. Notice was given to the parties of their right to file briefs. Zinman exercised the right, but claimant did not. We further note that claimant was a paralegal by training, and while she cannot be held to the same standards of a trained lawyer, we assume she has some knowledge concerning briefs and procedure superior to that of an ordinary person. Furthermore, Claimant has shown no prejudice, or even suggested any, accruing to her on account of the failure to serve her a copy of the brief, or given her notice of its filing. The burden is upon an appellant to demonstrate to this court on review that reversible error exists. *White, supra.* This she has not done.

For the reasons stated above, this cause is affirmed.

Affirmed.

YOUNG, P. J. (Participating by designation), and RATLIFF, J., concur.

---

1. The decision was vacated by the Indiana Supreme Court, *Wilson v. Review Board*, (1979) Ind., 385 N.E.2d 438; the basic proposition remains valid.