435 N.E.2d 78 (1982)
Ronald W. RYBA, Appellant,
v.
REVIEW BOARD OF THE INDIANA EMPLOYMENT SECURITY DIVISION, William H. Skinner, David L. Adams, and Paul M. Hutson, As Members of and As Constituting the Review Board of the Indiana Employment Security Division, and Carl J. Reinke and Sons, Inc., Appellees.
No. 2-1081A359.
Court of Appeals of Indiana, Third District.
May 19, 1982.
*79 Charles F. Marlowe, Hammond, for appellant.
Linley E. Pearson, Atty. Gen., Richard Albert Alford, Deputy Atty. Gen., Indianapolis, for appellee Review Bd.
HOFFMAN, Presiding Judge.
Ronald Ryba appeals the Review Board's denial of his claim for unemployment benefits. Ryba raises the following issues:[1]
(1) whether the evidence and findings of the Review Board are sufficient to support the conclusion that Ryba was discharged for just cause;
(2) whether Ryba was denied procedural due process by not receiving timely notice of the Review Board's hearing; and
(3) whether the Review Board erred in considering inadmissible evidence and evidence outside the record of the referee's hearing.
The Review Board's statement of facts is as follows:
"The evidence of record discloses that claimant was employed until February 25, 1981, and was discharged for failing to follow the instructions of the superintendent not to participate in a slow-down with fellow co-workers and to perform his assigned duties properly; that employer alleges that he was informed on the morning of February 24, 1981, that claimant and his co-workers were participating in a slow-down indicating they were standing around on the job site not performing their assigned duties; that on *80 the afternoon of February 24, 1981, the employer testimony indicates that claimant and his fellow co-workers were still participating in a slow-down at which time he instructed the superintendent to `split' claimant and his co-workers, indicating that claimant and his fellow co-workers would either be layed [sic] off or discharged; that later on February 24, 1981, some of the claimant's co-workers were layed [sic] off; that on February 25, 1981, after returning from the union hall, claimant refused to work with a superintendent; that claimant testified that he was terminated because he was vice-president of his union and indicated he was also enforcing his union contract which prohibited superintendents from working with his tools, when he refused to work with the superintendent; that the Employer Exhibit 8, Working Agreement between employer and claimant's Local 1485 of the United Brotherhood of Carpenters and Joiners of America, is void of any stipulation that superintendents are forbidden from working with their tools; that Article V of the labor contractual agreement, General Working Conditions, stipulates conditions in which working foreman shall or shall not be permitted to work with their tools, but void of any inference relating to superintendents; that claimant's testimony further indicates that his reason for refusing to work with the superintendent in question was based on information received from his union's business agent on February 25, 1981, that it was their union policy; that Employer Exhibit 8, Article XIII, Adjustment of Disputes, of the labor contract between employer and claimant's Local 1485, stipulates that there be no cessation of work; that in the event of any difference or controversy as to the interpretation or application of this agreement arising between any employer and an employee in the bargaining unit, the difference of controversy shall be taken up at once by the representatives of both the worker and the employer who shall endeavor to make a satisfactory settlement."
Ryba's claim was originally denied by a claims deputy who found that Ryba had been discharged for just cause. This decision was reversed by an appeals referee who concluded that Ryba was discharged, but not for just cause. The referee's decision was reversed by the Review Board.
Ryba initially contends that the evidence supports the conclusion that he was discharged because of union activities and therefore, a just cause did not exist. Ryba argues that the Review Board's decision is not consistent with the evidence or the prior findings of the referee.
The Review Board entered the following findings and conclusions:
"FINDINGS AND CONCLUSIONS: The Review Board finds that claimant was employed until February 25, 1981, and was discharged for failing to obey instructions of his superintendent not to participate in a slow-down.
It further finds that the unrefuted testimony of employer that claimant was instructed not to participate in a slow-down and claimant's own testimony that he, in fact, refused to work with a superintendent, supports employer's allegation as to why claimant was discharged.
It further finds that claimant's reason as to why he refused to work with the superintendent was in accordance with the labor contractual agreement between employer and claimant's union, is contrary to articles of that agreement.
It further finds that claimant, as a vice-president of his local, failed to take steps to settle the controversy surrounding the interpretation or application of the labor agreement prior to his cessation of work when he refused to work with the superintendent in accordance with Article XIII of the Labor Agreement.
The Review Board concludes that claimant, by refusing to work with the superintendent, was tantamount to a cessation of work which is a violation of Article XIII of the labor contractual agreement.
It further concludes that claimant's failure to avail himself of the grievance procedures *81 of Article XIII, prior to his refusal of work, was a breach of duty reasonably owed the employer by the employee, therefore, claimant was discharged for just cause in connection with work within the meaning and intent of Chapter 15-1 of the Act."
Ryba is essentially asking this Court to reweigh the evidence and accept his statement that he was discharged for union activity. It is well settled however, that this Court does not reweigh the evidence, but rather looks only to the evidence most favorable to the judgment together with all reasonable inferences to be drawn therefrom. The decision of the Review Board will be disturbed only when, from this perspective, reasonable persons would be bound to reach a conclusion not reached by the Review Board. Ervin v. Rev. Bd. et al. (1977), 173 Ind. App. 592, 364 N.E.2d 1189. The Court of Appeals reviews the decision of the Review Board without reference to the conclusions of a deputy or referee. Ervin, supra.
The record in the present case supports the Review Board's statement of facts. These facts support the Review Board's findings, which in turn, support the conclusion that Ryba was discharged for just cause. Neither the Review Board not this Court is required to accept Ryba's interpretation of the evidence. While it is true that the employer has the burden of establishing that a discharge is for just cause, Wakshlag v. Review Bd. of Ind. Employ. Sec. (1980), Ind. App., 413 N.E.2d 1078, it is incumbent upon an appellant to demonstrate on review that reversible error exists. White v. Rev. Bd. (1972), 151 Ind. App. 426, 280 N.E.2d 64. Ryba has failed to carry his burden with regard to the sufficiency issue.
Ryba next asserts that he was denied procedural due process by the failure of the Review Board to notify him that no hearing would be conducted on the employer's request for appeal to the Review Board. Ryba contends that 640 IAC 1-11-7 (1979 Ed.) requires notice be given when the Review Board elects not to conduct a hearing.
Contrary to Ryba's assertions, 640 IAC 1-11-7 does not require the Review Board to notify the parties that a hearing will not be conducted before the decision of the Review Board is issued. The Review Board may elect not to grant a hearing and notify the parties at the time that its decision is issued. This is precisely what the Review Board did in the present case. The Review Board committed no error in failing to notify the parties that a hearing would not be conducted prior to issuing its decision. See Alcoa v. Review Bd. of Ind. Employ. Sec. Div. (1981), Ind. App., 426 N.E.2d 54.
Ryba finally contends that the Review Board erred in considering inadmissible evidence in reaching its decision. Specifically, Ryba challenges the referee's admission of certain affidavits contending that they constitute hearsay. Ryba also alleges that the Review Board erred in considering evidence submitted by the employer after the referee's hearing because the employer did not follow the procedures for the submission of additional evidence. Ryba claims error in the Review Board's failure to rule on his motion to strike or dismiss the additional evidence.
The Review Board's findings and conclusions do not refer in any way to the evidence Ryba challenges. The Review Board's decision is based primarily on the provisions of the labor contract. The contract was admitted into evidence at the referee's hearing without objection. Consequently, Ryba has failed to demonstrate how he was prejudiced by the Review Board's alleged errors. Absent a showing of harm, the Review Board's decision will not be reversed. Ind. Rules of Procedure, Appellate Rule 15(E).
For the above reasons, the decision of the Review Board is affirmed.
Affirmed.
GARRARD, J., concurs.
STATON, J., concurs in result.
NOTES
[1] Other issues referred to by Ryba have not been argued in his brief. These issues are therefore waived. Ind. Rules of Procedure, Appellate Rule 8.3(A)(7).