ELKHART COMMUNITY SCHOOLS
(Employer Below), Appellant,

v.

REVIEW BOARD OF the INDIANA EM-PLOYMENT SECURITY DIVISION, William H. Skinner, David L. Adams and Paul M. Hutson, as members of and as constituting the Review Board of the Indiana Employment Security Division, and Mangle Causey (Claimant Below), Appellees.

No. 2–1181A366.

Court of Appeals of Indiana,
Fourth District.

Aug. 10, 1982.

A. H. Spahn, Spahn, Atwater, Arkò & Yoder, Elkhart, for appellant.

Angelika E. Mueller, Legal Services Program, Northern Ind., Inc., South Bend, Linley E. Pearson, Atty. Gen., Gordon R. Medlicott, Deputy Atty. Gen., Indianapolis, for appellees.

CONOVER, Judge.

Mangle Causey was discharged from his employment with Elkhart Community Schools (School) and his claim for unemployment compensation denied. Causey requested a hearing before a referee of the Indiana Employment Security Division. The referee determined the discharge to be for just cause. Causey appealed to the Review Board of the Employment Security Division. They reversed the finding of the referee and held that Causey was entitled to unemployment benefits. Elkhart Community Schools now appeals that decision.

We affirm.

ISSUES

1. Did the school corporation have a unilateral right under its collective bargaining agreement to transfer Causey to a new job?

2. Is refusal to accept a unilateral transfer in job assignments just cause for termination of employment?

3. Was the evidence sufficient to support the findings of the review board?

FACTS

Mangle Causey was originally employed as a part time custodian by the School. He eventually bid for and gained a permanent position as a custodian where he worked in the custodial pool until his discharge. Custodians assigned to the custodial pool perform a variety of jobs and may be assigned to any unit within the school system on a temporary basis.

After some years employment in the custodial pool, Causey was assigned to permanent duty as a night custodian in a local high school. The night custodial job was never posted for bidding within the department, and the testimony is conflicting as to what precipitated the transfer. Causey maintains his transfer was due to personal differences with his supervisor and school officials. The School contends the involuntary transfer was made merely to fill vacant custodial positions within the school system.

Causey refused the transfer to a night job. He was invited to bid on other jobs but was informed that otherwise he must report to his new job assignment or be terminated. He refused to accept the transfer and was discharged. His claim for unemployment benefits was denied. At all times pertinent to these facts the terms and conditions of employment for custodians was governed by a collective bargaining agreement between the schools and the American Federation of State, County and Municipal Employees, Local 2925, AFL–CIO.

## DISCUSSION AND DECISION

The School first contends it had a right to make involuntary transfers of its employees and, thus, Causey's refusal to accept a legitimate, directed transfer established just cause for his discharge.

Unemployment benefits are denied to: "an individual who has voluntarily left his employment without good cause in connection with the work or who was discharged from his employment for just cause . . . .

.       .       .       .       .

'Discharge for just cause' as used in this section is defined to include but not be limited to separation initiated by an employer for falsification of an employment application to obtain employment through subterfuge; knowing violation of a reasonable and uniformly enforced rule of an employer; unsatisfactory attendance, if the individual cannot show good cause for absences or tardiness; damaging the employer's property through wilful negligence; refusing to obey instructions; reporting to work under the influence of alcohol or drugs or consuming alcohol or drugs on employer's premises during working hours; conduct endangering safety of self or coworkers; incarceration in jail following conviction of a misdemeanor or felony by a court of competent jurisdiction or for any breach of duty in connection with work which is reasonably owed employer by an employee."

Ind.Code 22–4–15–1.

■ Determination of just cause in unemployment cases is a question of fact. *Wakshlag v. Review Board of Indiana Employment Security Division*, (1980) Ind.App., 413 N.E.2d 1078. Fact finding is exclusively within the province of the review board and we will not reverse unless reasonable persons would be bound to reach a contrary conclusion concerning those facts. *Williams v. Review Board of Indiana Employment Security Division*, (1977) 174 Ind.App. 185, 366 N.E.2d 712.

The School argues the collective bargaining agreement invested them with the right to make unilateral transfers of employees to meet the functional needs of the School. This position is founded on Article III of the collective bargaining agreement which states:

"B. Specifically, the employer shall have the authority to manage and direct in behalf of the public the operations and activities of this school corporation to the full extent authorized by law. Such authority shall include but not be limited to the right of the employer to:

1. direct the work of its employees;
2. establish policy;
3. hire, promote, evaluate, demote, *transfer, assign* and retain employees;
4. suspend or discharge its employees in accordance with applicable law;

.       .       .       .       .

E. The determination and administration of school and corporate policy, the operation and management of the schools, and the direction of employees, not inconsistent with the provisions of the Agreement, are vested exclusively with the employer."

■ Read alone these portions of the labor contract support the School's contentions. However, contracts are not construed in this fashion. Contracts are read as a whole and paragraphs or sections are not read alone. *Oser v. Commercial Union Insurance Companies*, (1980) Ind.App., 409 N.E.2d 706. The courts prefer a construction that harmonizes contract terms over an interpretation that leaves provisions in conflict. *Evansville-Vanderburgh School Corporation v. Moll*, (1976) 264 Ind. 356, 344 N.E.2d 831.

■ To give effect to Art. III of the collective bargaining agreement it must be harmonized with the apparently conflicting provision of Art. VI B stating:

"The Board agrees to post job vacancies for custodial and maintenance positions which the Board decides to fill. Any employee may bid in writing to the Director of Personnel on any job posted.

Such posting will be for a minimum of five (5) work days. If the Board determines it necessary or helpful to fill such job temporarily before the expiration of the posting period, it may do so."

Both terms may be given effect by viewing Art. VI B as a special term, limiting the general power enumerated in Art. III B, E. Special or specific provisions prevail over general ones. *Fineberg v. Clark*, (1965) 137 Ind.App. 528, 209 N.E.2d 528.

Read together these contract terms evidence a general authority to transfer and reassign employees within the school system subject to the limitation that an attempt must first be made to fill vacancies by voluntary transfer within the department. Once vacancies have been posted for the contractual period involuntary transfers may be ordered.

■ The School claims it properly ordered Causey to transfer to a new job assignment; the record does not support that contention. The vacant position was never posted for bidding by the School. Resisting an employer's directive for failure to comply with established company policy is not misconduct that would result in just cause for a discharge. *Frazier v. Review Board*, (1963) 134 Ind.App. 418, 188 N.E.2d 281.

■ Finally, the School challenges the Review Board's factfinding. It argues there was no evidence Causey had not violated his original terms of employment. It also contests the finding of the Board that Causey's desire to retain his job in the custodial pool was reasonable.

The record shows the terms and conditions of employment were governed by the collective bargaining agreement which was made a part of the record. Causey testified he had complied with his employer's directives until he was ordered to transfer permanently to a night custodial position. There was substantial evidence to conclude Causey had not violated the original terms of his employment.

There was also evidence that Causey's desire to remain in the custodial pool was reasonable. Not only did Causey have a personal preference for employment within the custodial pool, he also asserted a belief that under the collective bargaining agreement he was entitled to do so. Viewed in light of our holding that the school could not order an involuntary transfer of Causey we find sufficient evidence of the reasonableness of his desire to remain in the custodial pool.

Judgment affirmed.

YOUNG, P. J., and MILLER, J., concur.