Harold M. COLEMAN, Appellant,

v.

STATE of Indiana, Appellee.

No. 185S20.

Supreme Court of Indiana.

March 25, 1986.

Reginald B. Bishop, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Louis E. Ransdell, Deputy Atty. Gen., Indianpolis, for appellee.

PIVARNIK, Justice.

Defendant-Appellant Harold M. Coleman was found guilty at the conclusion of a bench trial in Marion Superior Court, Criminal Division, of burglary, a class C felony, and theft, a class B felony. He also was found to be an habitual offender. He was sentenced by the trial court to a term of forty-two (42) years. Four issues are presented for our consideration in this direct appeal:

1. whether Appellant knowingly and intelligently waived his rights in giving a written confession;

2. sufficiency of the evidence;

3. alleged improper admission of records of prior convictions; and

4. error in sentencing.

On March 14, 1984, the Star Service Station at 4014 West Washington Street, Indianapolis, Indiana, was burglarized. The station's front door was broken and pried open, the bay door was broken open, several interior doors were broken and the cash drawer was missing along with some "feather clips," candy, tobacco, and sunglasses. A few hours later Appellant was apprehended and the missing items were found in his automobile. Appellant was read his *Miranda* rights, signed a waiver of rights form, and gave a statement admitting he had committed the offense.

I

Appellant first claims because he was allegedly under the influence of drugs at the time he signed the waiver of rights and gave his statement, the trial court abused its discretion in allowing both into evidence. It is Appellant's contention the confession was not given knowingly as he was under the influence of drugs at the time, and it was not voluntary because he was coerced by the withholding of medical treatment for side effects he suffered from the drugs.

The admissibility of a confession ultimately depends upon questions of fact which are to be resolved by the trial court. This being so, the standard for appellate review of waiver of rights or admissibility

of a confession are the same as any other fact finding issue. *Chandler v. State* (1981), 275 Ind. 624, 631, 419 N.E.2d 142, 147. If the evidence is conflicting, only that evidence which tends to support the trial court's ruling will be considered on appeal. If the trial court's ruling is supported by substantial evidence of probative value it will not be disturbed. It is for the trier of fact to resolve conflicts on the voluntariness of the confession, and the reviewing court is bound by the trial court's resolution. The same is true of a waiver of rights. *Chandler v. State* Ind., 419 N.E.2d at 147; *Ball v. State* (1981), 275 Ind. 617, 620, 419 N.E.2d 137, 140, *reh denied* (1981); *Ortiz v. State* (1976), 265 Ind. 549, 554, 356 N.E.2d 1188, 1191. The execution of a waiver form is not conclusive. It is simply one factor for the trial court to weigh in considering the voluntariness of a statement. *Hedgecough v. State* (1975), 164 Ind.App. 224, 226, 328 N.E.2d 230, 232.

■ Appellant points to no independent evidence that indicates he was so intoxicated or under the influence of drugs at the time of his waiver or the giving of his statement as to render his statement unknowing or involuntary. Detective Patterson testified that in his opinion Appellant was not under the influence of drugs at the time of the waiver and the giving of his statement. Patterson admitted that he was not an expert on the subject, but based his opinion on the fact that Appellant was coherent, had no trouble walking, and had no problem with his speech. Subsequently, it was discovered that Appellant did have a serious medical problem caused by impurities in the drugs he injected. Due to these impurities veins in his arms had collapsed and caused some pain at the time he was interrogated. Patterson testified Appellant merely showed Patterson his arm and requested that he be seen at the hospital. Patterson assured Appellant this would be done, and Appellant subsequently was sent to the hospital. Although Appellant now states that medical attention was withheld from him to coerce him into signing a confession, the State's contention is that nei-

ther Patterson nor Appellant was aware at the time of the gravity of the situation. Appellant was aware only of pain in his arm and requested he be seen in regard to it. This was promised to him and it was done. Only then was it determined he had collapsed veins due to impurities in the drugs he had injected. No reversible error is presented on this issue. *See Grimes v. State* (1983), Ind., 454 N.E.2d 388.

## II

Appellant's next allegation of error is that his conviction was not based on sufficient evidence, and includes his contention that the testimony of Tammy Judd was incredible, false, and unworthy of belief. This contention is based on Judd's extensive use of drugs. Our standard of review for sufficiency of evidence and credibility of witnesses has long been that this Court will neither weigh the evidence nor determine the credibility of witnesses, but rather, will look to the evidence most favorable to the State together with all reasonable inferences therefrom; if there is substantial evidence of probative value from which the trier of fact might reasonably infer guilt beyond a reasonable doubt, the conviction will not be disturbed. *Harris v. State* (1985), Ind., 480 N.E.2d 932, 937.

■ Appellant maintains the only evidence probative of his guilt is his admission, which should be discounted because it was coerced. We have already decided this issue adverse to Appellant's position. In addition, the stolen goods were found in Appellant's car, and State's witness Tammy Judd testified Appellant told her he had stolen the goods. Where a conviction is based *solely* on the testimony of an inherently unbelievable witness, we will not allow it to stand. *Gaddis v. State* (1969), 253 Ind. 73, 79–80, 251 N.E.2d 658, 660–661. Such was not the case here, however, since the conviction was not based solely on Judd's testimony. We addressed a similar argument in *Rodgers v. State* (1981), Ind., 422 N.E.2d 1211, 1213, and stated:

"Defendant's contention strikes directly at the credibility of the witnesses, a matter which with rare exceptions is solely the province of the jury. Only when this Court has confronted 'inherently improbable' testimony, or coerced, equivocal, wholly uncorroborated testimony of 'incredible dubiosity', have we impinged on a jury's responsibility to judge the credibility of witnesses. [Citations omitted].

In the present case the trier of fact was aware of Judd's drug use, and could have used such knowledge in judging the *weight* to be given her testimony. Such is an issue for the trier of fact and does not automatically discount the testimony especially since Judd's testimony shows no inconsistencies, either with itself or that of other testimony or evidence.

■ In light of Appellant's admission of guilt, his possession of the stolen goods, his spending some of the money, and the testimony of Tammy Judd, we find there was substantial evidence to support the conviction. *See Ward v. State* (1982), Ind., 439 N.E.2d 156, 159, *reh. denied* (1982).

### III

Appellant next contends the trial court erred in admitting records of his prior convictions during the habitual offender phase of the trial, which records were not properly certified. While he maintains this was done over his objection, the record shows no objections ever lodged. Appellant argues the records are business records and are subject to the best evidence rule or original document rule, requiring the testimony of the record keeper. Appellant maintains in the alternative that even if he did not object at trial, this error is so fundamental as to allow appellate review.

■ The exhibits at issue are State's Exhibits Nos. 8, 9, 10, and 12, and are governed by Ind.R.Tr.P. 44. Exhibit No. 8 consists of Arizona prison records, and in accordance with Trial Rule 44(A)(1), was authenticated by Kay Dargitz, the records supervisor. Exhibit No. 9 is a copy of Appellant's criminal record from Marion County, Indiana Municipal Court, certified

as a true and complete copy, and is sealed and signed by the clerk and deputy of the court. Under Trial Rule 44(A)(1), this exhibit was also properly certified and admitted. Exhibits Nos. 10, and 12 both contained Appellant's fingerprints. Exhibit No. 10 was an arrest report from Appellant's second felony conviction. It contained his thumb print and was testified to by the keeper of the records. It was thus properly admitted. Exhibit No. 12 contained Appellant's fingerprints taken the morning of trial and was used to match the prints on Exhibits Nos. 8 and 10. Again, the witness testified he took the prints, and that despite a slight smear, there was no question that the prints on all of the exhibits matched and were of the same Harold M. Coleman. We find no reason for not allowing the admission of any record here at issue.

### IV

Appellant's final argument is that he was improperly sentenced. At the sentencing hearing Appellant was sentenced to five (5) years for the class C burglary, and two (2) years for theft, a class D felony, both presumptive sentences. The sentences were to run concurrently, and the former was enhanced by thirty (30) years due to finding Appellant an habitual offender. The total sentence was for thirty-five (35) years. As Appellant was preparing to leave the court room, he began to use rude and profane language directed at the trial judge and the court, creating a disturbance in the court and requiring the removal of some of the people in the court audience. As Appellant's profanity continued, the trial judge ordered him removed, gagged, and brought back for resentencing. Appellant was then resentenced to eight (8) years for the burglary and four (4) years for the theft, the sentences to be served consecutively. The burglary conviction was once again enhanced by thirty (30) years for the habitual offender finding, bringing the total sentence to forty-two (42) years. In resentencing Appellant the trial court explained its aggravating the presumptive

sentences due to the following reasons: Appellant has a long history of criminal activity including delinquency, first degree burglary, curfew violation, assault and battery, burglary and larceny, violation of the 1935 Beverage Act, disorderly conduct, second degree burglary, offense against the Property Act, assault and battery, second degree burglary, grand theft auto, possession of a stolen vehicle, selling an I.D. to a minor, contributing to the delinquency of a minor, credit card fraud, destruction of property, contributing to the delinquency of a minor, strong arm robbery, a hold for California authorities, kidnapping for purpose of robbery, assault with a deadly weapon, grand theft auto, grand theft auto, carrying a concealed weapon, receiving firearms and transported interstate commerce, drunkenness, second degree burglary, second degree burglary, first degree burglary, offense against the Property Act, and the present offenses; Appellant's need of correctional and rehabilitative treatment; Appellant's contempt and hatred of the court and judicial process displayed by his conduct in the present case; imposition of a reduced or suspended sentence would depreciate the seriousness of the crime; and while awaiting sentence in this cause Appellant attempted to escape the Marion County Jail.

 Our scope of review of the propriety of a sentence is that we will not revise a sentence authorized by statute except where such sentence is manifestly unreasonable in light of the nature of the offense and character of the offender. A sentence is not manifestly unreasonable unless no reasonable person could find such sentence appropriate to the particular offense and offender for whom such sentence is imposed. *Freed v. State* (1985), Ind., 480 N.E.2d 929, 931; Ind.R.App.Rev.Sen. 2. Considering the court's detailed rationale supporting the sentences given, there is no question that the length of the sentence was proper. The only issue becomes whether the trial court was justified in changing its sentence. Appellant's comments clearly illustrated his contempt for the court and the judicial process, and sup-

port the trial judge's decision to aggravate the presumptive sentence. Given the facts of the present, case, it cannot be said that the thirty-five (35) year sentence was ever made final. Appellant's barrage against the court began before the case was adjourned or before any entry was made in the court's record book. The sentence never being final, it was within the trial court's discretion to amend it as long as such amended sentence could be properly supported. The forty-two (42) year sentence, when entered in the court's order book, became the final sentence and will not be disturbed.

The trial court is in all things affirmed.

GIVAN, C.J., and SHEPARD and DICKSON, JJ., concur.

DeBRULER, J., concurs in all issues except the final one and would remand for imposition of the initial thirty-five (35) year sentence. (without opinion).