John Allen SONS, Appellant
(Defendant below),

v.

STATE of Indiana, Appellee
(Plaintiff below).

No. 45S00–8604–CR–375.

Supreme Court of Indiana.

Jan. 27, 1987.

William Touchette, Office of the Appellate Public Defender, Crown Point, for appellant.

Linley E. Pearson, Atty. Gen., Michael Gene Worden, Deputy Atty. Gen., Indianapolis, for appellee.

PIVARNIK, Justice.

Defendant-Appellant John Allen Sons was convicted at the conclusion of a jury trial in the Lake Superior Court of rape, a class A felony, and robbery, a class B felony. He was sentenced to forty (40) years for rape and twenty (20) years for robbery, to be served concurrently. The issues presented on direct appeal are:

1. whether State's Exhibits Nos. 17 and 18 were properly admitted; and

2. whether Appellant's statement was properly admitted.

The victim was working at the Boulevard Discount Store in Whiting, Indiana, on May 21, 1985. Appellant came in with two others at about 4:30 p.m., bought some cigarettes, looked around, and left. The victim recognized·Appellant as having been in the

store on numerous occasions, and identified him from a photographic lineup prior to trial. Appellant returned with another individual at about 7:30 p.m., and began to purchase cigarettes, when the other man produced a handgun and demanded money. Appellant then went behind the counter, stood behind the victim, brandished a knife, took some money from the cash drawer, and forced the victim into a dark storeroom at knife point. There, he told her to remove her clothes and forced her to have sexual intercourse. After his arrest, Appellant made a statement implicating himself in the robbery, but denying participation in the rape.

I

Appellant maintains State's Exhibits Nos. 17 (a Pampers bag) and 18 (a carton of cigarettes) were improperly admitted because the State failed to identify them sufficiently and because a chain of custody was not established.

To be admissible into evidence, an exhibit must be relevant and material. It must be shown that the exhibit was authentic and bears some relevance to this defendant and the transaction from which the criminal charge arises. *Golden v. State* (1985), Ind., 485 N.E.2d 51, 54–55. The trial court has discretion to admit exhibits into evidence, and need not require absolute and positive identification; admission may be proper even where there is only a slight tendency to connect the defendant with the offense. *Jordan v. State* (1982), Ind., 432 N.E.2d 9, 13, *reh. denied* (1982). Lack of positive proof or authentication reflects only on the weight of the evidence, not its admissibility. *Goodloe v. State* (1982), Ind., 442 N.E.2d 346, 347. To establish a proper chain of custody, the State need only provide evidence that strongly suggests the exact whereabouts of the evidence at all times. The State need not provide evidence that excludes all possibility of mishap or tampering. *Salahuddin v. State* (1986), Ind., 492 N.E.2d 292, 293.

The evidence need only afford a reasonable assurance that the exhibits passed to trial in an undisturbed condition. *Borom v. State* (1984), Ind., 470 N.E.2d 712, 714. In the present case, the following evidence illustrates a proper identification and sufficient chain of custody for both exhibits. Appellant approached the store counter during the robbery with several cartons of cigarettes. After the robbery, a number of cartons of cigarettes were missing. A witness testified she saw a man fitting Appellant's general description leaving the store while carrying cartons of cigarettes. Other witnesses testified that Appellant told them he had robbed a store and taken some cigarettes, which cigarettes were being stored at the home of a friend, Pat Fralley. Fralley testified that Appellant's friends or family brought a package in a Pampers bag, containing approximately eight (8) cartons of cigarettes, over to her house. From time to time, Appellant and his family would come over to retrieve cigarettes from the package. Fralley eventually notified the police, who came and picked up the Pampers bag and one remaining carton of cigarettes. Fralley identified Exhibit No. 17 as the bag which was brought to her home and contained cigarettes. Her testimony further tended to show Exhibit No. 18 was the carton of cigarettes confiscated by the police. Officer Szamy testified that Exhibit No. 18 appeared to be the carton of cigarettes that he picked up from Fralley and delivered to the police station. Officer Townsell identified Exhibit No. 18 as the carton of cigarettes he brought to trial from the lockup at the main police station. The victim identified the price tag on Exhibit No. 18 as being from the Boulevard Discount Store.

The above-stated evidence sufficiently show that both exhibits are relevant and material. The evidence further establishes their authenticity and a chain of custody. Any lack of absolute and positive identification does not affect the admissibility of the exhibits, but rather, goes only to the weight to be given by the jury.

## II

Appellant also contends his statement to the police was erroneously admitted because it was made involuntarily. He filed a pretrial motion to suppress which was denied after a hearing. The statement admitted his participation in the robbery, but not the rape.

The admissibility of a confession ultimately depends upon questions of fact which are to be resolved by the trial court. This being so, the standard for appellate review of waiver of rights or admissibility of a confession are the same as any other fact finding issue. *Coleman v. State* (1986), Ind., 490 N.E.2d 711, 712–713. If the evidence is conflicting, only the evidence which leads to support the trial court's ruling will be considered on appeal. If the trial court's ruling is supported by substantial evidence of probative value, it will not be disturbed. It is for the trial court to resolve conflicts on the voluntariness of a confession, and the reviewing court is bound by the trial court's resolution. The same is true for a waiver of rights. *Id.* at 713; *Rapier v. State* (1982), Ind., 435 N.E.2d 31, 35–36.

 Officer Townsell testified in the present case that Appellant was advised of his rights, and that Appellant initialed and signed the waiver form prior to any questioning, and gave his statement and signed it. Townsell further testified that no threats or promises were made to coerce the statement. The waiver form and statement show Appellant's initials and signature. Officer Ratajczak also testified Appellant was not questioned until after being advised of his rights and signing the waiver form. Ratajczak also testified that no threats or promises were made. Appellant testified that he was not read his rights until after he gave his statement, and that a police officer threatened to harm him if he did not make a statement.

This simply illustrates a conflict in the evidence of the type considered in *Coleman* and *Rapier.* We do not, as Appellant would have us do, reweigh the evidence. The trial court's ruling is supported by substantial evidence of probative value. Thus we will not disturb the ruling.

The trial court is affirmed.

GIVAN, C.J., and DeBRULER, SHEPARD and DICKSON, JJ., concur.