Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.

APPELLANT PRO SE:

**EVONNE CARRILLO**
Munster, Indiana

ATTORNEYS FOR APPELLEES:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**JANINE STECK HUFFMAN**
Deputy Attorney General
Indianapolis, Indiana

**FILED**

Jul 24 2012, 9:13 am

**CLERK**
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

EVONNE CARRILLO,                              )
                                             )
    Appellant-Petitioner,                )
                                             )
    vs.                                  )    No. 93A02-1108-EX-794
                                             )
REVIEW BOARD OF THE INDIANA                   )
DEPARTMENT OF WORKFORCE                        )
DEVELOPMENT and                               )
SKOZEN & SKOZEN, LLP,                         )
                                             )
    Appellees-Respondents.               )

APPEAL FROM THE REVIEW BOARD OF
THE INDIANA DEPARTMENT OF WORKFORCE DEVELOPMENT
The Honorable Steven F. Bier, Chairperson
The Honorable George H. Baker and The Honorable Larry A. Dailey, Members
Cause No. 11-R-2886

**July 24, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**KIRSCH, Judge**

Evonne Carrillo[1] ("Carrillo") appeals the decision of the Unemployment Insurance Review Board of the Indiana Department of Workforce Development ("Review Board"), which affirmed the Administrative Law Judge's decision that Carrillo was discharged for just cause and was not eligible to receive unemployment insurance benefits.  Carrillo raises two issues; however, we find the following restated issue to be dispositive:  whether the Review Board's decision that Carrillo was discharged from her employment for just cause was reasonable.

We affirm.

## FACTS AND PROCEDURAL HISTORY

Skozen & Skozen, LLP ("Skozen") is a law practice, consisting of two partners:  Lisa K. Misner-Skozen and Joseph Skozen.  Carrillo was hired at Skozen on or around January 3, 2006 and worked full-time as a legal assistant.  In October 2010, Carrillo received a reprimand for violating the office policy concerning computer usage and for failing to follow written instructions for completion of work.  *Tr*. at 3 (*Employer's Ex*. 2).  In January 2011, she was disciplined again for poor work performance.  *Id*.  After that happened, Carrillo expressed her desire that Skozen only communicate with her "in written form through written work instructions or emails to her."  *Tr*. at 8.

---

[1] Neither Carrillo nor her employer has sought to maintain their confidentiality in these proceedings; accordingly, we use their full names in this decision.  *See Conklin v. Review Bd. of Ind. Dep't of Workforce Dev*., 966 N.E.2d 761, 762 n.1 (Ind. Ct. App. 2012) (citing *Recker v. Review Bd. of Ind. Dep't of Workforce Dev*., 958 N.E.2d 1136, 1138 n.4 (Ind. 2011)); *Moore v. Review Bd. of Ind. Dep't of Workforce Dev*., 951 N.E.2d 301, 304-06 (Ind. Ct. App. 2011) (discussing Indiana Administrative Rule 9(G) and Indiana Code section 22-4-19-6 and holding it is appropriate for appellate court to use full names of parties in routine appeals from the Review Board).

On Friday, March 18, 2011, Carrillo received a typed written work assignment from Misner-Skozen that directed Carrillo to pay the inheritance taxes due on a specified client's estate. The work assignment was marked "RUSH" multiple times, and it directed Carrillo to prepare a cover letter and "Send certified to the Lake County Treasurer" on March 18. *Id*. at 44 (*Employer's Ex*. 4). Misner-Skozen also gave Carrillo a handwritten note stating, "Evonne, Here is the check for the Inheritance Taxes. Make certain it is mailed certified to the Lake County Treasurer today." *Id*. at 48 (*Employer's Ex*. 6) (emphasis in original). The attached check was payable to the Lake County Treasurer.

Carrillo prepared a cover letter on March 18 and presented it to Misner-Skozen, who signed it. Misner-Skozen did not notice that the address typed on the letter was to the Indiana Department of Revenue ("INDOR") in Indianapolis. Carrillo mailed the letter and check by certified mail to the INDOR in Indianapolis, not the Lake County Treasurer in Crown Point, Indiana. Later that day, Carrillo realized that she had sent the tax payment to the wrong location and discussed the matter with fellow employee Mildred M. Luebbe ("Luebbe"), who suggested that perhaps the INDOR would record the payment and notify the proper Lake County office. *Id*. at 49. Carrillo did not notify Misner-Skozen or Skozen that the inheritance check was mailed to the wrong entity. The following Wednesday, Misner-Skozen saw the certified mail receipt from the postal service and realized the tax check and letter were sent to the wrong location. As a result, Skozen suffered consequences with the client. Skozen terminated Carrillo's employment on March 29, 2011.

Thereafter, Carrillo filed an application for unemployment benefits. A claims deputy ("Deputy") of the Indiana Department of Workforce Development determined that Carrillo's discharge was not for just cause and that she was eligible for unemployment benefits. Skozen appealed to an administrative law judge ("ALJ"), who, after a telephonic hearing at which all parties participated, reversed the Deputy's determination and found that Carrillo was terminated for just cause and was not eligible for unemployment benefits. Carrillo appealed, and the Review Board adopted the ALJ's decision and incorporated her order by reference. Carrillo now appeals.

## DISCUSSION AND DECISION

Carrillo, pro se, claims that the Review Board's decision was erroneous and that her unemployment benefits should be reinstated. Initially, we note that pro se litigants are held to the same standard as are licensed attorneys. *Moore v. Review Bd. of Ind. Dep't of Workforce Dev.*, 951 N.E.2d 301, 306 (Ind. Ct. App. 2011). Consequently, a litigant who chooses to proceed pro se must, like trained legal counsel, be prepared to accept the consequences of her action if she fails to adhere to procedural rules. *Ramsey v. Review Bd. of Ind. Dep't of Workforce Dev.*, 789 N.E.2d 486, 487 (Ind. Ct. App. 2003). Indiana Appellate Rule 46(A)(8) provides in part that the argument section of the appellant's brief "must contain the contentions of the appellant on the issues presented, supported by cogent reasoning," along with citations to the authorities, statutes, and parts of the record relied upon, and a clear showing of how the issues and contentions in support thereof relate to the

4

particular facts of the case under review. *Moore*, 951 N.E.2d at 306. Failure to comply with this rule results in waiver of the argument on appeal. *See Ramsey*, 789 N.E.2d at 490.

Here, in the argument section of her brief, Carrillo raises several alleged errors and highlights conflicts in the evidence presented to the ALJ; however, she fails to support her arguments with relevant authority of any sort. She thereby has waived her claims that the Review Board's decision was in error. However, because we prefer to dispose of cases on their merits, *see Moore*, 951 N.E.2d at 306, and because the parties' briefs provide us with sufficient information to discern Carrillo's arguments, we consider the merits of her appeal.

The purpose of Indiana's Unemployment Compensation Act (the "Act"), Indiana Code article 22-4, is "'to provide benefits to those who are involuntarily out of work, through no fault of their own, for reasons beyond their control.'" *Davis v. Review Bd. of Ind. Dep't of Workforce Dev.*, 900 N.E.2d 488, 492 (Ind. Ct. App. 2009) (quoting *Wasylk v. Review Bd. of Ind. Emp't Sec. Div.*, 454 N.E.2d 1243, 1245 (Ind. Ct. App. 1983)). Unemployment insurance benefits, however, are not an unqualified right and may be denied to claimants who are disqualified by any of the various exceptions provided in the Act. For example, an unemployed claimant is ineligible for unemployment benefits if he or she was terminated for "just cause." Ind. Code § 22-4-15-1. An employer seeking to deny unemployment benefits to a fired employee bears the burden of establishing a prima facie case that the discharge was for "just cause." *Nersessian v. Review Bd. of Ind. Dep't of Workforce Dev.,* 798 N.E.2d 480, 482 (Ind. Ct. App. 2003). Once this burden is met, the employee bears the burden of producing evidence to rebut the employer's evidence. *Id.*

5

Among the definitions of just cause contained in Indiana Code section 22-4-15-1(d)(5) is "refusing to obey instructions," which is the basis upon which Skozen relied to terminate Carrillo's employment. The ALJ agreed with Skozen and determined that Carrillo was discharged for just cause, and the Review Board affirmed that determination.

When reviewing a decision of the Review Board, our analysis is threefold: (1) we review findings of basic fact for substantial evidence; (2) we review findings of mixed questions of law and fact—ultimate facts—for reasonableness; and (3) we review legal propositions for correctness. *Recker v. Review Bd. of Ind. Dep't of Workforce Dev.,* 958 N.E.2d 1136, 1139 (Ind. 2011). "Ultimate facts are facts that 'involve an inference or deduction based on the findings of basic fact.'" *Id.* (quoting *McClain v. Review Bd. of Ind. Dep't of Workforce Dev.,* 693 N.E.2d 1314, 1317 (Ind. 1998)). Whether Skozen discharged Carrillo from her employment for "just cause," thus disqualifying her from eligibility for unemployment benefits, presents a question of ultimate fact that we review for reasonableness. *Conklin v. Review Bd. of Ind. Dep't of Workforce Dev.*, 966 N.E.2d 761, 763 (Ind. Ct. App. 2012). We will not reverse the Review Board's decision unless reasonable people would be bound to reach a different conclusion. *Davis*, 900 N.E.2d at 492.

Here, the evidence most favorable to the decision is that Skozen terminated Carrillo from her employment because, contrary to two separate written instructions directing that the tax payment be sent to the Lake County Treasurer's Office, Carrillo mailed the letter and tax payment check to the INDOR in Indianapolis, and further, she realized that same day

6

that she had sent it to the wrong entity but did not report it to Skozen. Instead, she attempted contact with INDOR to inquire about or rectify the matter. At no time did she advise Skozen of the situation. We recognize that Carrillo presented evidence asserting that Misner-Skozen provided Carrillo with the Indianapolis address and thus she, not Carrillo, was at fault for sending it to Indianapolis; Misner-Skozen presented evidence to the contrary. Carrillo's argument, then, is an invitation for us to reweigh the evidence and consider evidence that is not favorable to the Review Board's decision. Our standard of review precludes that course. *See McClain*, 693 N.E.2d at 1317 (appellate court does not reweigh evidence or assess credibility of witnesses and considers only evidence most favorable to Review Board's findings).

Furthermore, to the extent Carrillo asserts that her act of sending the tax payment to the wrong location was not intentional, the relevant inquiry is not whether the incorrect mailing was intentional, but rather whether it was the result of a "volitional act" or circumstances over which Carrillo "exercised some control." *Conklin*, 966 N.E.2d at 765 (citing *Recker*, 958 N.E.2d at 1142). Clearly, Carrillo's preparation and mailing of the tax payment was not an involuntary act or one over which she exercised no control. *Cf. Conklin*, 966 N.E.2d at 765-66 (employee truck driver's involuntary loss of consciousness while driving did not constitute volitional act or circumstance over which he exercised control, and thus Review Board's finding that he was discharged for just cause was unreasonable).

7

Carrillo also argues that she did not "conceal" anything because the INDOR address was typed on the letter that Misner-Skozen signed. *See Appellant's Br.* at 4. We acknowledge that Misner-Skozen retained the responsibility to her client for the letter, and indeed suffered negative consequences because the tax payment was sent to the wrong entity and thus was deemed delinquent; however, Carrillo knew on Friday March 18, the date that she mailed the letter and check, that she had sent it to the wrong entity but she nevertheless did not disclose that to Misner-Skozen. In fact, nothing was said of it until Misner-Skozen discovered the problem five days later, upon return of the certified mail receipt from the postal service. In so doing, Carrillo breached the duty of basic honesty and truthfulness to her employer. *See McHugh v. Review Bd. of Ind. Dep't of Workforce Dev.*, 842 N.E.2d 436, 442 (Ind. Ct. App. 2006) (employee breached duty of honesty and truthfulness to employer when she requested time off to take care of specified personal matters but instead attended Carburetion Day at Indianapolis Motor Speedway, which constituted just cause for her termination).

As stated, the burden of establishing that the discharge was for just cause is upon the employer. *Wakshlag v. Review Bd. of Ind. Emp't Sec. Div.*, 413 N.E.2d 1078, 1082 (Ind. Ct. App. 1980). However, upon review to this court, the burden is upon the claimant to show that reversible error exists. *Id.* Here, the Review Board determined that Skozen discharged Carrillo for just cause, and Carrillo has failed to establish otherwise. Based on the record before us, we cannot say that reasonable people would have been bound to find a different result. *See id.* (affirming Review Board's decision that legal secretary was fired for just

cause where employer had held meetings with employee about mistakes in her work and her failure to perform tasks pursuant to instructions).

Affirmed.

BAKER, J., and BROWN, J., concur.