Michael PARRISH, Appellant
(Defendant below),

v.

STATE of Indiana, Appellee
(Plaintiff below).

No. 10S00–8604–CR–374.

Supreme Court of Indiana.

Nov. 24, 1987.

Charles Gregory Read, Public Defender of Clark County, Jeffersonville, for appellant.

Linley E. Pearson, Atty. Gen., Lisa M. Paunicka, Deputy Atty. Gen., Indianapolis, for appellee.

PIVARNIK, Justice.

On November 6, 1985, a jury found Michael Parrish guilty of criminal deviate conduct, class B felony; child molesting, class C felony; criminal deviate conduct, class B felony; child molesting, class C felony; child molesting, class B felony; and attempted child molesting, class D felony. Parrish was sentenced to a total of eighty (80) years imprisonment. He directly appeals raising the following issues:

(1) sufficiency of the evidence,

(2) alleged error by the trial court in prohibiting Parrish from cross-examining witnesses,

(3) alleged error by the trial court in asking the jury whether a verdict had been reached,

(4) sentencing, and

(5) effective assistance of counsel.

The facts show that during April, 1985, D.P., age 15, and T.S. age 9, visited Parrish's residence on several occasions. When visiting Parrish, the boys consumed liquor and smoked marijuana. On two occasions, Parrish summoned D.P. into a bedroom, showed him pornographic photographs, and caused him to submit to oral and anal sex. Parrish also caused T.S. to submit to anal sex on one occasion. Parrish attempted this action a second time but T.S. fled from the residence. Due to a noticeable change in T.S.'s behavior, his mother contacted the welfare department. Later, T.S. informed his mother of the attacks. Subsequently, an officer of the Jeffersonville Police Department interviewed the children and was advised of the incidents.

## I.

Parrish argues the evidence is insufficient to sustain his convictions. As a court of review, we do not judge the credibility of witnesses nor reweigh the evidence. Rather, we look only to that evidence most favorable to the State and all reasonable inferences to be drawn therefrom. If there is substantial evidence of probative value to support the conclusion of the trier of fact the verdict will not be overturned.

*Jones v. State* (1983), Ind., 445 N.E.2d 98, 100.

■ Parrish maintains the victims' testimony is inadequate due to their unfamiliarity with proper anatomical terms. He contends the phrases "fucked me in the butt," "suck his dick," and "stuck his thing in my rearend" are too vague for the jury to have determined that he engaged in child molesting and criminal deviate conduct. However, the law does not require that proof of penetration be in any particular form of words. *Omans v. State* (1980), Ind.App., 412 N.E.2d 305, 309, *trans. denied.* The jury understood the victims' testimony and concluded that Parrish's sex organ penetrated the victims and that one of the victims submitted to oral sex. The victims' testimony concerning Parrish's conduct is sufficient to sustain the verdict. *See, Becraft v. State* (1986), Ind., 491 N.E.2d 535, 536; *Jones*, 445 N.E.2d at 100.

Parrish contends there is no evidence that he caused T.S. to submit to deviate sexual conduct through force. Although there is evidence from which force could be inferred, deviate sexual conduct, a class B felony, does not contain the element of force. Thus, the State was not required to prove force.

## II.

Parrish contends the trial court erred by prohibiting him from demonstrating the lack of credibility of several witnesses during cross-examination. The trial court is allowed discretion in the conduct of cross-examination to test the credibility of a witness. *Williams v. State* (1986), Ind., 492 N.E.2d 28, 29. Only a clear abuse of discretion demands reversal. To show an abuse of discretion by the trial judge in controlling the scope of cross-examination, Parrish must show how he was prejudiced by the trial judge's actions. *Carter v. State* (1987), Ind., 505 N.E.2d 798, 800.

■ The defense cross-examined D.P. regarding the attacks, his statement to Officer Forsee, and his recent theft of a candy bar from a store. The defense attempted to impeach D.P.'s credibility, asking, "what would you say if I told you that you've been branded a liar by the people who are in that area where you live?" The State's objection to this question was sustained. Impeachment is accomplished by proving the witness's general reputation in the community for being dishonest. *McKim v. State* (1985), Ind., 476 N.E.2d 503, 506; *Randall v. State* (1983), Ind., 455 N.E.2d 916, 928. However, here there was no testimony concerning D.P.'s general reputation in the community for being dishonest, but only the defense counsel's statement. Thus, the trial court properly sustained the State's objection to the challenged question.

Parrish complains the trial court restricted his impeachment of D.P. by limiting cross-examination regarding T.S.'s statements to police. Defense counsel was attempting to show inconsistencies between the statements of T.S. and D.P. However, defense counsel had the opportunity to cross-examine each victim and to show any inconsistencies in their statements. It was for the jury to weigh the victims' testimony concerning statements to police and to determine if any inconsistencies existed. Thus, the trial court did not abuse its discretion in limiting cross-examination regarding T.S.'s statements to police.

Parrish claims he was limited in testing the credibility of Charlotte Williamson, T.S.'s mother. The excluded questions involved details of personal incidents involving the witness which were unrelated to these particular matters but tended to show she was not a good mother. Williamson's personal relationships and personal problems are irrelevant to the instant offenses and do not impinge on her credibility as a witness. The trial court has discretion in ruling on the relevancy of evidence. *McGee v. State* (1986), Ind., 495 N.E.2d 537, 538. Here the trial court properly sustained the State's objections to the questions posed to T.S.'s mother.

■ Parrish asserts the trial court erred by refusing to permit him to question T.S. as to whether he had been sexually abused in the past. The trial court properly sustained the State's objection on the basis of

Ind.Code Ann. § 35–37–4–4 (Burns 1985), which shields the victim of a sex crime from a general inquiry into the history of past sexual conduct. *Jarrett v. State* (1984), Ind., 465 N.E.2d 1097, 1098–99; *Kelly v. State* (1983), Ind., 452 N.E.2d 907, 909–10.

■ Parrish maintains he was prejudiced by "evidentiary harpoons" posed by the prosecutor. During cross-examination, Officer Michael Forsee stated he obtained a search warrant to search Parrish's residence. The warrant specified numerous items to be confiscated. During a search of the residence, however, Officer Forsee did not recover any of the specified items, but did confiscate items not listed on the warrant. During redirect examination, the prosecutor asked Officer Forsee, over Parrish's objection, what he seized from the residence. The officer stated he discovered marijuana seeds and an instrument used for smoking marijuana. The trial court properly overruled Parrish's objection since Parrish opened the subject of the search warrant during cross-examination. *Kimble v. State* (1983), Ind., 451 N.E.2d 302, 306. Further, it appears the subject of the presence of marijuana in Parrish's residence was the subject of other testimony.

■ During redirect examination, T.S.'s mother testified, over objection, that she had numerous telephone conversations with Parrish, was able to identify his voice, and that after the instant charges had been filed against Parrish she received a threatening telephone call from him. The trial court properly overruled Parrish's objection. A caller's identity must be established as a foundation for the admission of the content of a telephone call. *Ashley v. State* (1986), Ind., 493 N.E.2d 768, 774. Further, the identity of a declarant in a telephone conversation may be established by circumstantial evidence. *Reed v. State* (1986), Ind., 491 N.E.2d 182, 186. Here, the evidence reveals Williamson was familiar with Parrish's voice. The identity of the caller need not be proved beyond a reasonable doubt. Any doubt regarding the credibility of the voice identification goes to the weight of the evidence and not its admissibility. *Ashley*, 493 N.E.2d at 774. Parrish has not shown how he was prejudiced nor that the trial court abused its discretion in limiting his cross-examination of these witnesses.

### III.

Parrish claims the trial court erred in charging the jurors to reach a verdict after hours of deliberation with no result. Parrish asserts the trial court's communication to the jury "created the erroneous conception that the case must be decided sometime."

Parrish failed to object to the colloquy between the trial judge and the jury. In order to preserve error on appeal, an objection must be alleged. Since Parrish made no objection, this claim of error has been waived.

■ Even had this claim of error been properly preserved, we would find no error committed by the trial judge. The length of time a jury should be permitted to deliberate is within the sound discretion of the trial court. *Dukes v. State* (1986), Ind., 501 N.E.2d 420, 422; *Cade v. State* (1976), 264 Ind. 569, 348 N.E.2d 394, 399–400, *reh. granted*, 265 Ind. 144, 352 N.E.2d 473. The record shows after several hours of deliberation, with the express consent of the parties, the trial judge called the jury to the courtroom and asked whether a verdict had been reached. The jury announced they had not reached a verdict, but were close to reaching one. The court asked if, with further deliberations, a verdict was reasonably possible. The jury replied that a verdict was possible and that more time was necessary. The court then granted additional time. Later, the jury returned verdicts of guilty.

Nothing in the trial judge's response to the jury is shown to have unfairly influenced its deliberative processes. *See, Lowry v. State* (1982), Ind., 440 N.E.2d 1123, 1124–25. The jury did not indicate it would be unable to reach a verdict. Rather, the jury requested additional time to deliberate further. The direction to the jury did not take the form of an *Allen* charge, wherein

a trial judge unduly emphasizes certain evidence. *Lewis v. State* (1981), Ind., 424 N.E.2d 107, 111–12. The judge merely directed the jury to return to the jury room and granted the jury additional time to deliberate. The trial court did not abuse its discretion in this case.

## IV.

Parrish alleges the trial court abused its discretion in sentencing. He complains (1) the court did not state specifically the reasons used to aggravate the sentences and was unjustified in finding aggravating circumstances, (2) the court ordered the sentences to run consecutively without giving additional reasons, and (3) the factors listed as mitigating circumstances are not contained in Ind.Code § 35–38–1–7. Parrish was sentenced to twenty (20) years on Count I, twenty (20) years on Count III, twenty (20) years on Count V, and twenty (20) years on Count VI, the terms to run consecutively for a total number of eighty (80) years.

 A reviewing court will not revise a sentence authorized by a statute except where such sentence is manifestly unreasonable in light of the nature of the offense and the character of the offender. A sentence is not manifestly unreasonable unless no reasonable person could find such sentence appropriate to the particular offense and offender for which such sentence was imposed. Ind.R.App.Rev.Sen. 2. A trial court has discretion to determine whether a presumptive sentence will be enhanced because of aggravating factors and whether the terms of imprisonment will be served concurrently or consecutively. Ind.Code Ann. § 35–38–1–7 (Burns 1985). Thus, a trial court may, upon consideration of relevant facts, increase presumptive penalties, impose consecutive sentences, or both. *Tyra v. State* (1987), Ind., 506 N.E.2d 1100, 1103. When the trial court enhances a sentence or imposes consecutive terms, the record must show that the sentence was based on the consideration of the facts of the specific crime, the aggravating and mitigating circumstances involved, and the relation of the sentence imposed to the objectives which will be served by that sentence. *Tyra*, 506 N.E.2d at 1103; *Smith v. State* (1985), Ind., 474 N.E.2d 71, 73. There is no statutory prohibition against using the same factors to enhance the sentence and to impose consecutive sentences. *Bish v. State* (1981), Ind., 421 N.E.2d 608, 616.

 Parrish complains the trial court based his sentences on unexplained conclusions and consideration of factors not listed in the sentencing statute. He further claims it is manifestly unreasonable for the court to use his statement of innocence as an aggravating circumstance in holding Parrish showed a lack of remorse or regret, maintaining his innocence throughout the trial. However, the trial judge stated adequate reasons to enhance the sentences and to impose consecutive sentences, including: (1) a lenient sentence would depreciate the seriousness of the crimes; (2) the victims were of very impressionable ages, 9 and 14; (3) the effect of this kind of crime on the victims will probably be felt for many years; (4) Parrish used alcohol and marijuana to lure the young victims into his home after which he perpetuated the crimes; (5) Parrish used threats and force to propagate his crimes against the victims; (6) the difference in age between the young victims and Parrish; (7) Parrish was in a position of trust with the victims and he violated that trust; (8) the effect on the victims of the heinous nature of the crime perpetrated against them; (9) Parrish shows a lack of remorse or regret by his total denial of the offense which will affect his ability to be rehabilitated; and (10) Parrish is in need of correctional or rehabilitation treatment that can best be provided by a commitment to a penal facility.

Parrish contends the trial judge erred by considering a mitigating factor not set forth in Ind.Code § 35–38–1–7. The sentencing court considered, as mitigating circumstances, that Parrish's mother, brother, sister-in-law, and wife testified on his behalf. However, the aggravating circumstances were found to outweigh the mitigating circumstances. The findings set forth by the trial court were supported by the evidence. We find the trial court did

**522**

not abuse its discretion in ordering aggravated and consecutive sentences.

### V.

Parrish claims he was denied the effective assistance of counsel. Judicial scrutiny of an attorney's performance is highly deferential. The standard for counsel's performance is that of reasonably effective assistance. To prevail on his claim, Parrish must show that his attorney's performance was deficient and that the defense was prejudiced by the deficient performance. *Strickland v. Washington* (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674, *reh. denied* (1984), 467 U.S. 1267, 104 S.Ct. 3562, 82 L.Ed.2d 864; *Jones v. State* (1986), Ind., 495 N.E.2d 532, 534.

 Parrish claims his defense was prejudiced since trial counsel did not advise him of disciplinary proceedings pending against him in Kentucky. Parrish however, has not shown how his knowledge of trial counsel's personal problems would have enhanced the preparation of his defense. Further, Parrish has not established that counsel's trial performance was impaired due to the disciplinary proceedings. The evidence discloses that trial counsel conducted a vigorous defense. Counsel cross-examined witnesses and called witnesses to testify in Parrish's behalf. Parrish has not shown that he was denied the effective assistance of counsel. *See Dillon v. State* (1983), Ind., 454 N.E.2d 845, 848–49, *cert. denied* 471 U.S. 1108, 105 S.Ct. 2344, 85 L.Ed.2d 859.

Parrish alleges denial of effective counsel on the basis that trial counsel was unable to be located for assistance on appeal. In support of his contention, Parrish states that appellate counsel was unsuccessful in his efforts to obtain trial counsel's materials pertinent to the case. Ineffective assistance of counsel is not proven simply by showing insufficient consultation. *Jones,* 495 N.E.2d at 534. A defendant must show harm due to trial counsel's unavailability for assistance on appeal. *Young v. State* (1985), Ind., 482 N.E.2d 246, 251. Here, Parrish has failed in his burden.

Parrish contends he was denied effective counsel since trial counsel failed to object to allegedly inappropriate questions posed by the prosecutor to State witnesses Officer Michael Forsee and Charlotte Williamson during redirect examination. As we have already indicated, however, counsel did object on both occasions and his objections were overruled. Since no error was found in either instance, ineffective assistance of counsel cannot be based on them.

The trial court is affirmed.

SHEPARD, C.J., and DeBRULER and GIVAN, JJ., concur.

DICKSON, J., concurs in result without separate opinion.