**Raymond L. WOODSON, Jr., Appellant,**

v.

**STATE of Indiana, Appellee.**

**No. 883S287PS.**

Supreme Court of Indiana.

Dec. 8, 1987.

William L. Soards, Soards & Carroll, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Michael Gene Worden, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Justice.

Appellant's original conviction for Attempted Murder, Rape, Criminal Deviate Conduct and Attempted Criminal Deviate Conduct and a finding that appellant was an habitual criminal was appealed to this Court and a decision rendered on October 3, 1985. *Woodson v. State* (1985), Ind., 483 N.E.2d 62.

In affirming appellant's conviction, this Court observed, *sua sponte*, that the trial court had erred in treating the habitual offender finding as a separate offense and had assessed a separate thirty (30) year sentence therefor. We stated: "[T]his cause is remanded to the trial court, which is instructed to specify the sentence which shall be enhanced by reason of the habitual offender determination." *Id.* at 64. Upon remand, Judge Barney corrected the sentence by enhancing the criminal deviate conduct sentence by thirty (30) years by reason of the status as an habitual offender. This was in keeping with the instructions of this Court and Ind.Code § 35–50–2–8.

■ Appellant argues the corrected sentence is improper in that it indicates the trial judge "still considered sentencing the defendant 30 years based upon Count V, the Habitual Offender conviction." We cannot agree with appellant's observations in this regard. The corrected sentence clearly treats the habitual offender finding as a status and enhanced the criminal deviate conviction by thirty (30) years accordingly. We see no error in so doing.

■ Appellant further argues that the trial court erred in using the same aggravating circumstances not only to enhance the sentences but in addition to impose consecutive sentences. This was a question which could have been but was not raised in the original appeal. By not doing so, the issue is considered waived. *Bailey v. State* (1985), Ind., 472 N.E.2d 1260.

We note that in rendering the instant sentence, Judge Barney observed that Judge Daugherty's reasons for the original sentences were "well taken." The manner

in which appellant was sentenced in this case was proper. *Chambers v. State* (1985), Ind., 478 N.E.2d 1234.

The trial court is affirmed.

SHEPARD, C.J., and DeBRULER, PIVARNIK and DICKSON, JJ., concur.