**Reginald BELCHER, Appellant,**

v.

**STATE of Indiana, Appellee.**

**No. 49A02–8805–PC–184.**

Court of Appeals of Indiana,
Second District.

Dec. 7, 1989.

Transfer Denied March 8, 1990.

Susan K. Carpenter, Public Defender, John Pinnow, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Richard C. Webster, Deputy Atty. Gen., Office of Attorney General, Indianapolis, for appellee.

SULLIVAN, Judge.

Defendant-appellant Reginald Belcher appeals from the denial of his Petition for Post–Conviction Relief.

We affirm.

In 1971 Belcher along with two co-defendants, Dennis Wickliffe and Sherman Coleman, was charged with theft of a vehicle. The affidavit named all three defendants. On October 28, 1971, cause number CR71–1127, State v. Dennis Wickliffe, was called for trial. After the judge suggested calling all the defendants, he was informed that Mr. Wickliffe wanted to plead guilty. Wickliffe then entered a plea of guilty to exerting unauthorized control over a vehicle under circumstances not amounting to theft. The court read part of the affidavit and inquired into Wickliffe's understanding of the plea to which he was entering. The state subsequently presented testimony from two officers. Officer Mize testified that the car had been reported stolen and that Wickliffe had been apprehended with the car approximately two hours later. Officer Gray testified that he had made the arrest and had "apprehended the subjects as they [came] out of the garage and around the house." Record at 85. Officer Mize further testified that the subjects were starting to strip the car in the garage at the time of the arrest and that Wickliffe had admitted to him later that he did take the car. The court accepted Wickliffe's plea.

That same morning, cause number CR71–1127 was again called with respect to the three defendants, and it was noted that a hearing had already been held with respect to Wickliffe. The court was informed that both remaining defendants, Coleman and Belcher, had authorized their attorney to withdraw their pleas of not guilty and enter pleas of guilty to theft of a vehicle. There was no written plea agreement.

After advising Belcher and Coleman of their rights, the court reiterated the charge and the possible penalties for it, read the affidavit to them and asked if they understood the charge; both indicated they did. The court asked if both understood that a plea of guilty was an indication to the court that everything in the affidavit was true; both stated they understood and wanted to plead guilty.

At that point, the court swore in the witnesses again and asked Belcher and Coleman if they had both been in the courtroom when Officer Mize had testified before. Both responded that they had been present and had heard his testimony. Both responded in the negative when the court asked them if there was any part of his testimony which had been incorrect. After incorporating by reference all the evidence heard in the cause earlier that day, the court accepted the defendants' guilty pleas.

Belcher presents two issues on appeal, which we rephrase as follows:

(1) whether he was adequately advised of his right against self-incrimination; and

(2) whether an adequate factual basis for the plea was established.

The petitioner in post-conviction proceedings bears the burden to prove grounds for relief by a preponderance of the evidence. The post-conviction court is the sole judge of the weight of the evidence and the credibility of the witnesses. We will reverse only where the evidence is without conflict and leads exclusively to a conclusion contrary to that reached by the post-conviction court. *Bates v. State* (1988) Ind., 517 N.E.2d 379.

## I.

Belcher's plea was entered prior to the effective date of I.C. 35–4.1–1–3 (Burns Code Ed.Repl.1979), now I.C. 35–35–1–2 (Burns Code Ed.1985). Therefore, the advisement concerning the right against self-incrimination is governed by *Boykin v. Alabama* 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). Compliance with *Boykin* is determined using the standard out-

lined by *White v. State* (1986) Ind., 497 N.E.2d 893, 905:

"Of course, unless the record reveals that the defendant knew or was advised at the time of his plea that he was waiving his right to a jury trial, his right of confrontation and his right against self-incrimination, *Boykin* will require that his conviction be vacated." *White, supra.*

The following colloquy occurred between the court and the two co-defendants:

"THE COURT: Do you also understand that if you were to have a trial by jury, during that trial neither one of you would have to do anything if you didn't want to. In other words, you could just sit there at the table if you wanted to. Because neither one of you would have to prove anything in the case. Do you understand that?

MR. BELCHER: Yes.

MR. COLEMAN: Yes, sir.

THE COURT: The reason for that is that it would be up to the State of Indiana to go ahead with the evidence and to prove beyond a reasonable doubt that each of you did everything they said you did here in this Affidavit, which is the formal charge against you. Do you both understand that?

\*　　\*　　\*　　\*　　\*　　\*

THE COURT: In other words, the State would have to do all the proving in the case and neither one of you would have to do any of it. Do you both understand that?

\*　　\*　　\*　　\*　　\*　　\*

THE COURT: On the other hand, though, if you did want to, during a trial, each of you would have a right to take the witness stand and testify for yourself—that is, to tell your side of the case to the jury...." Record at 57–59.

Belcher alleges error in the failure of the trial court to specifically advise him that he was waiving the right against self-incrimination. To speak in terms of a waiver of the right against self-incrimination is misleading in this context. The right against self-incrimination involves the privilege an

accused has to refrain from testifying at trial. At a plea hearing one doesn't "waive" the right to refrain from testifying against oneself; one waives the proceeding in which testifying against oneself would be an issue.

Although the advisement given Belcher was not ideal, an almost identical advisement was held adequate to inform a defendant of his privilege against self-incrimination in *Gosnell v. State* (1985) Ind., 483 N.E.2d 445. *See also Mayberry v. State* (1989) 2d Dist. Ind.App., 542 N.E.2d 1359. Belcher was also informed that he had a right to plead not guilty and to have a trial by jury. There is nothing in the record which persuades us that Belcher did not understand that by pleading guilty and not proceeding to trial the issue of testifying against himself could not arise. We are unaware of any case law requiring a trial judge to go to the depth of inquiry at a guilty plea hearing that Belcher appears to be seeking.

There is no error in this appeal.

## II.

At his post-conviction relief hearing, Belcher testified on direct examination that he would not have entered a guilty plea "if the court had made [him] go through the factual basis during [his] guilty plea." Record at 125–126. He asserts that the court could not rely on the evidence presented at Wickliffe's guilty plea hearing to establish a factual basis for Belcher's plea because Belcher's name was never specifically mentioned by Officer Mize.[1]

At the PCR proceeding, Belcher claimed for the first time that he was not involved in the theft of the car, but was merely doing some work on the car after being hired by Wickliffe to do so. Belcher also testified that he did not know the car was stolen when he was working on it.

■ In *Ross v. State* (1983) Ind., 456 N.E.2d 420, our Supreme Court held that a judge may not accept a plea of guilty when the defendant both pleads guilty and maintains his innocence at the same time. This rule was seemingly extended in *Patton v. State* (1987) Ind., 517 N.E.2d 374, to require vacation of an accepted plea where the defendant maintains his innocence at the sentencing hearing in a capital case. Belcher maintained his innocence at neither. Only at his post-conviction relief hearing did he deny guilt. We hold that a defendant who waits until his post-conviction relief hearing to protest innocence has waited too long.

In *Boles v. State* (1973) 261 Ind. 354, 303 N.E.2d 645, the judgment of the trial court that a petitioner who claimed his innocence at a post-conviction relief proceeding was not entitled to relief was affirmed by a divided Supreme Court. Justice Hunter, joined by Justice Arterburn, stated that "[s]ubsequent contentions of innocence arising during post-conviction relief proceedings are not sufficient, nothing more appearing, to attack a previously entered plea of guilty." *Id.*, 303 N.E.2d at 654. Although *Boles* has come under criticism and its precedential value has been limited, the above statement was not repudiated by the court in *Ross, supra.*

Furthermore, our Supreme Court recently declined to extend *Ross* to protestations of innocence which occur outside the courtroom. In *Moredock v. State* (1989) Ind., 540 N.E.2d 1230, the Supreme Court held that a trial court may accept a plea from a defendant who pleads guilty in open court but tells a probation officer that he did not commit the crime. The court said that even protestations found in presentence reports "are fraught with the opportunity for too much mischief." *Id.* at 1231. It is apparent that if our Supreme Court was not willing to consider a protestation made before sentencing, protestations made subsequent to sentencing at the post-conviction stage will not require setting aside an otherwise valid guilty plea.

■ As to the sufficiency of the evidence which provided the factual basis for Belch-

---

1. Belcher's plea was entered prior to the effective date of both I.C. 35–4.1–1–3 and I.C. 35–4.1–1–4 [current version at I.C. 35–35–1–3 (Burns Code Ed.1985) ]. However, a factual basis for the plea was still required under *Harshman v. State* (1953) 232 Ind. 618, 115 N.E.2d 501.

er's plea, we find no error. Although it is not clear from the record whether the hearings were held back-to-back, it is apparent that the hearings for Wickliffe and for co-defendants Belcher and Coleman were held the same morning. While it is true that Belcher's name was not specifically mentioned by Officer Mize, the charging affidavit listed the three co-defendants together. Officer Mize identified one of the three listed defendants—Wickliffe—as being one of the three apprehended by Officer Gray. Thus Belcher's name was implicitly incorporated in Officer Mize's testimony.

Belcher, who was represented by counsel, was given an opportunity at his guilty plea hearing to refute Mize's testimony or cross-examine him, but chose not to do so. In fact, Belcher indicated that the officer's testimony was not incorrect.

> "THE COURT: All right, Officer Mize, I've heard your testimony in this regard. Mr. Coleman and Mr. Belcher, you were both here in the courtroom when Officer Mize testified here before, were you?
>
> MR. COLEMAN: Yes.
>
> MR. BELCHER: Yes.
>
> THE COURT: Did both of you hear what he had to say?
>
> MR. COLEMAN: Yes, sir.
>
> MR. BELCHER: Yes.
>
> THE COURT: All right, is there any part of that that is not correct?
>
> MR. COLEMAN: No, sir.
>
> MR. BELCHER: No.
>
> THE COURT: At this time I'll incorporate by reference into this proceeding all evidence heard by me under this cause number previously today. Mr. Mullin,[2] any questions?
>
> MR. MULLIN: None, Your Honor."

Record at 67–68.

Belcher was read the affidavit and indicated he understood the charge against him and that by pleading guilty he admitted the truth of the allegations in the affidavit. This was sufficient to establish a factual basis. *See Stewart v. State* (1988) Ind., 517 N.E.2d 1230 (factual basis was ade-

quately established where deputy prosecutor summarized the evidence against defendant and defendant indicated he had heard the evidence, that he did not wish to question it and that the evidence was accurate); *Gibson v. State* (1986) Ind., 490 N.E.2d 297 (appellant's admissions of guilt, his agreement with the prosecutor's version of the facts, and the uncontroverted testimony from his co-defendant's trial constitute a sufficient factual basis for the trial court to accept the guilty plea).

The judgment is affirmed.

BUCHANAN and STATON, JJ., concur.

---

**2.** Counsel for defendants Belcher and Coleman.