**Charles R. CLEARY, Sr.,**
**Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

No. 30A04–9312–CR–472.[1]

Court of Appeals of Indiana,
First District.

July 12, 1994.

Transfer Denied Sept. 15, 1994.

---

1. This case was transferred to this office on June 9, 1994, by direction of the Chief Judge.

Susan K. Carpenter, Public Defender, David P. Freund, Deputy Public Defender, for appellant.

Pamela Carter, Atty. Gen., Joseph F. Pieters, Deputy Atty. Gen., Indianapolis, for appellee.

ROBERTSON, Judge.

Charles R. Cleary, Sr. appeals the sentences imposed upon his convictions, pursuant to pleas of guilty but mentally ill, of Burglary, a class B felony, Resisting Law Enforcement, a class C felony, and Criminal Recklessness, a class A misdemeanor. Cleary raises four issues which we restate and consolidate as two, neither of which constitutes reversible error.

### FACTS

The facts elicited at the guilty plea and sentencing hearings reveal that on December 19, 1992, Cleary had drunk a large amount of alcohol and had ingested a number of over-the-counter drugs. He then experienced an alcoholic blackout, a situation where the person might not appear to be intoxicated and can still function, but will later have no memory of what he did or said. He then proceeded to burglarize a home, setting off a burglar alarm. As Cleary fled, a Sheriff's Deputy came upon him and a high-speed chase ensued, during the course of which Cleary's car ran several stop signs and reached speeds of 100 m.p.h. During his attempted escape, Cleary's car struck another car in the rear at a high rate of speed causing it to roll over nine times. The driver of the other car and her two sons suffered injuries as the result of the collision.

Cleary presented overwhelming evidence that he had experienced a horrible childhood. Both his parents were alcoholic and his mother was a prostitute. Cleary had been sexually abused. Cleary had begun to use alcohol and other drugs, many illegal, at an early age. Nearly everyone in his family suffered from severe alcoholism and/or cirrhosis of the liver. At the time of the sentencing hearing, Cleary was described as a late-stage or advanced alcoholic. His tolerance, the amount of alcohol he could drink before becoming drunk, was decreasing. He suffered organic brain damage and had experienced grand mal seizures. The expert medical testimony indicated that Cleary had no chance of recovery from alcoholism without long-term, in-patient treatment, perhaps as long as two years.

Cleary concedes that he has an extensive criminal history. His first juvenile delinquency adjudication (a burglary) occurred when he was ten-years-old. As an adult, Cleary accumulated two burglary convictions and a robbery conviction. He also accumulated a plethora of less serious convictions, most of which were alcohol-related.

Additional facts are supplied as necessary.

### DECISION

#### I.

Whether the trial court erred by amending Cleary's sentence on the Burglary conviction at the same time it amended the erroneous sentence entered on the Resisting Law Enforcement conviction?

■ At the sentencing hearing, the trial court initially stated that Cleary would receive consecutive ten year sentences on the two convictions in question for an aggregate sentence of twenty years. The prosecutor then requested a bench conference after which the trial court stated the following on the record:

It has been brought to my attention that the maximum sentence which he faces on the Class C Felony is a period of eight years. The Court will therefore modify the sentence imposed and show that on the conviction of Dwelling Burglary, he will be sentenced to the Department of Correction for a period of twelve years. On the offense of Resisting Law Enforcement he

will be sentenced to the Department of Correction for a period of eight years for a total of twenty years.

Cleary argues that the trial court lacked the authority to "modify" the sentence for his Burglary conviction from ten to twelve years. Cleary reasons that the trial court properly modified the erroneous ten-year sentence on the class C felony conviction, but, because the ten-year sentence on the Burglary conviction was not erroneous, the trial court lacked the authority to increase it.

*Coleman v. State* (1986), Ind., 490 N.E.2d 711, is dispositive. In *Coleman,* the defendant had been sentenced to thirty-five years. But, as he prepared to leave the courtroom, he created a disturbance by cursing the judge. The judge called him back and increased his sentence to forty-two years. Our supreme court held that the thirty-five year sentence had not been final because it had not been entered in the court's record book and therefore, because the forty-two year sentence was otherwise appropriate, it would be upheld. *Id.* 490 N.E.2d at 715.

In the present case, the court had not yet adjourned and the sentences were not yet final. Therefore, the trial court had the authority to effect the present "modification" and we find no error.

## II.

Whether Cleary's sentence is manifestly unreasonable?

Cleary asserts the trial court's sentencing statement is inadequate because it fails to set out which aggravating circumstance served to enhance his sentences as well as which aggravating circumstance served to cause his sentences to run consecutively. Cleary asserts the trial court failed to properly consider the following mitigating circumstances: 1) that he was abused as a child; 2) that he was distraught over his son's recent murder conviction; and 3) his alcoholism. Finally, Cleary attacks his sentence as manifestly unreasonable.

■ The standard of reviewing a sentence is well established. Sentencing is conducted within the discretion of the trial court and will be reversed only upon a showing of a manifest abuse of that discretion. *Sims v. State* (1992), Ind., 585 N.E.2d 271. It is within the discretion of the trial court to determine whether a presumptive sentence will be increased or decreased because of aggravating or mitigating circumstances. *Id.* A sentence authorized by statute will not be revised unless the sentence is manifestly unreasonable. *Id.* A sentence is not manifestly unreasonable unless no reasonable person could find such sentence appropriate to the particular offense and offender for which such sentence was imposed. Ind.Appellate Rule 17(B)(2). If a trial court enhances a presumptive sentence, the record must demonstrate that the determination was based upon the consideration of the facts of the specific crime or crimes, the aggravating and mitigating circumstances involved, and the relation of the sentence imposed to the objectives which will be served by that sentence. *Fointno v. State* (1986), Ind., 487 N.E.2d 140. The trial court's statement must identify all significant aggravating and mitigating circumstances, include a specific reason why each circumstance is aggravating or mitigating, and weigh mitigating circumstances against the aggravating factors. *Boyd v. State* (1991), Ind., 564 N.E.2d 519.

■ The trial court record must disclose the factors considered in justifying an enhancement of a presumptive sentence. *Id.* Although there may be several aggravating circumstances, the trial court need list only one to support an enhanced sentence. *Id.* Only one valid aggravator is needed to sustain an enhanced sentence. *Reaves v. State* (1992), Ind., 586 N.E.2d 847. The same aggravating circumstance may serve to justify both enhanced and consecutive sentences. *Id.*

■ Sentence enhancement is a separate and discrete decision from the imposition of consecutive sentences. *Lindsey v. State* (1985), Ind., 485 N.E.2d 102. Although the same aggravating circumstance may support both decisions, the trial court must separately indicate which factors, if any, support the enhancement and the consecutive sentences. *Id.* However, where the record indicates that the trial court did engage in the

evaluative processes required but simply ·did not articulate sufficiently the reasons for sentence enhancement, and the record indicates that the sentence was not manifestly unreasonable, then the purposes underlying the specificity requirement are satisfied and reversal is not required. *Duvall v. State* (1989), Ind., 540 N.E.2d 34.

 In the present case, the only aggravating circumstance listed by the trial court was Cleary's extensive criminal history. However, the trial court's sentencing statement indicates it engaged in the required evaluative processes in determining that the twenty-year aggregate sentence was appropriate for Cleary for his instant crimes. Although not specifically articulated, the trial court's reliance on Cleary's criminal history for enhancing and running his sentences consecutively is sufficient. As noted in the FACTS section, Cleary's criminal history is extensive. The record appears to indicate that he was eligible for the thirty year habitual offender enhancement—which would have been longer than his present twenty-year aggregate sentence. Thus, we hold that the trial court's reliance on Cleary's criminal history is sufficient to sustain both the enhancement and the consecutive nature of the present sentence despite any perceived deficiency in the articulation of the trial court's statement. Therefore, we find no reversible error.

Cleary vigorously argued his mitigating factors to the trial court during the extensive sentencing hearing below. The trial court found Cleary's untreated alcoholism to be a mitigating factor. The trial court also found, however, that the aggravating circumstances, citing Cleary's extensive criminal history, far outweighed the mitigating factors. The trial court is under no obligation to explain its decision not to find a mitigating factor or to assign any particular weight to the defendant's asserted mitigating factors. *Carter v. State* (1990), Ind.App., 560 N.E.2d 687, *trans. denied.* Therefore, we find no reversible error in the trial court's consideration of Cleary's asserted mitigating circumstances.

Similarly, considering Cleary's extensive criminal history, the twenty-year aggregate sentence for his present crimes does not impress us as manifestly unreasonable. Therefore, we find no error.

Judgment affirmed.

NAJAM and STATON, JJ., concur.