Richard STATON, Appellant–Petitioner,

v.

STATE of Indiana, Appellee.

No. 29A02–9302–PC–71.

Court of Appeals of Indiana,
Second District.

Sept. 28, 1994.

Transfer Denied Nov. 30, 1994.

Susan K. Carpenter, Public Defender, Richard Denning, Deputy Public Defender, for appellant.

Pamela Carter, Atty. Gen., Mary Dreyer, Deputy Atty. Gen., Indianapolis, for appellee.

SULLIVAN, Judge.

On April 24, 1980, Richard Staton (Staton) was convicted of two counts of child molesting, both Class B felonies. The trial court sentenced Staton to a term of ten years, with ten years added for aggravating circumstances upon Count I, and to a term of ten years, with ten years added for aggravating circumstances upon Count II. The sentences were to be served consecutively. Staton appeals the denial of his Post–Conviction Relief (PCR) Petition. Staton presents four issues for review of which one is dispositive: whether the trial court articulated a proper aggravating circumstance to support the enhancement of Staton's sentences.[1]

We affirm.

At sentencing, the trial court articulated several aggravating circumstances upon which it then predicated sentence enhancement and ordered consecutive terms. The PCR court found that one of the three articulated circumstances, i.e., " 'there is other evidence that leads me to believe that the defendant does display a tendency to violence and may commit other crimes if given the opportunity,' " was a proper aggravating circumstance. PCR–Record at 106. Further, the PCR court's review of the record revealed that evidence [2] supported the sentencing judge's identification of this aggravator. Based upon the sufficiency of the single articulated aggravator to enhance Staton's sentence and to impose consecutive sentences, the PCR court denied Staton's petition for relief.

Staton correctly notes that a sentence may be enhanced if the trial court specifically articulates an individualized reason [3] for the enhancement. *Gardner v. State* (1979) 270 Ind. 627, 388 N.E.2d 513. At Staton's sentencing hearing, the trial court considered the evidence indicative of Staton's propensity for violence, concluding that he would commit other crimes if given the opportunity. Staton complains that the trial court did not "explain" what the finding meant. We disagree.

Our review of the sentencing transcript reveals that the sentencing judge took into account the presentence investigation report as well as the evidence presented during the sentencing hearing in finding Staton was prone to violence. The sentencing judge then stated that this information led him to the conclusion that Staton could and would commit violent crimes in the future. This is a sufficient statement upon which to predi-

---

1. Post-conviction relief is not a substitute for direct appeal. Ind. Post–Conviction Rule 1(b); *see also Woodson v. State* (1987) Ind., 515 N.E.2d 1108 (issue waived where appellant could have challenged trial court's use of same aggravating factor to impose both enhanced and consecutive sentences in direct appeal). Staton's failure to present a sentencing error in his direct appeal, *Staton v. State* (1981) Ind., 428 N.E.2d 1203 (affirming conviction), arguably waives the issue. Nevertheless, and notwithstanding the PCR Court's conclusion that Staton "has waived or is barred from presenting the issue of improper articulation of aggravating circumstances for his delay in bringing such issue before the sentencing court," Record at 107, we proceed, as did the PCR court, to consider Staton's argument upon its merits.

2. During the sentencing hearing, the State presented evidence that Staton had threatened to kill the prosecuting attorney in the instant case. The pre-sentence investigation report also revealed that Staton had a criminal history including, *inter alia*, a charge of the assault and battery and rape of a fourteen-year-old girl. Staton presented no evidence of mitigating circumstances.

3. Here, the sentencing judge was guided by Indiana Code 35–50–1A–7 (Burns Code Ed.1979) (for present provisions see I.C. 35–38–1–7.1 (Burns Code Ed.Supp.1993)), which provided the criteria for sentencing and outlined the statutory factors which constitute aggravating circumstances.

cate an increase in the presumptive sentence. *Cf. Collier v. State* (1986) Ind., 498 N.E.2d 1219, 1221 (absent an order book entry or a sentencing transcript from which the trial judge's evaluative process could be deduced, entry of minute finding " 'aggravation as alleged and set forth in presentence investigation report' " was insufficient articulation).

■ Here, the sentencing judge, according to current legal supposition, also acted within the bounds of his discretion [4] in ordering Staton's sentences to be served consecutively pursuant to I.C. 35–50–1–2 (Burns Code Ed.1979). (For present provisions see I.C. 35–50–1–2 (Burns Code Ed.Supp.1993)). As our Supreme Court noted in *Inman v. State* (1979) 271 Ind. 491, 393 N.E.2d 767, the statutory provisions regarding sentence enhancement and consecutive sentencing are not mutually exclusive. Upon consideration of the relevant factors and pertinent information, a court may "increase the standard penalties, impose consecutive sentences or both." *Id.* at 498, 393 N.E.2d at 772. We note, however, that use of the plural "factors" implies the existence of more than one aggravator if there is to be both enhancement and consecutive sentences. Nevertheless, we concur in the PCR court's conclusion that both the enhancement and the consecutive terms of Staton's sentences were authorized.[5]

Our holding is prompted by long-standing precedent which sweeps broadly. That precedent is to the effect that the existence of aggravating circumstances will permit both a sentence enhancement and consecutive sentences, and is coupled with related holdings that a single aggravating factor is adequate. Our research has disclosed no case except *Cleary v. State*, (1994) 1st Dist. Ind.App., 638 N.E.2d 431, in which a single aggravator was held to justify both enhanced and consecutive sentences. *Cleary* relied upon *Lindsey v. State* (1985) Ind., 485 N.E.2d 102. In *Lindsey*, however, two presumptive (not enhanced) sentences were made consecutive based upon a single aggravator. It does not, therefore, stand for the proposition set forth in *Cleary*.

■ It would seem, therefore, that ordinarily, a single aggravating factor should not be used both to impose an enhanced sentence and consecutive sentences. Only where the single aggravating factor is particularly egregious should it be used for both purposes. Here, we are unable to say that the single aggravator is not of such severity as to justify the sentences imposed. Accordingly, we affirm the sentences imposed.

■ Based upon the foregoing, we reject Staton's final allegation of ineffective assistance of counsel. Staton contends that trial counsel was unfamiliar with the appropriate sentencing statutes [6] and, consequently,

---

4. The range of discretion brought to bear during the sentencing phase of trial will vary, to a degree, based upon the individualized facts and circumstances of the particular defendant. Perhaps another sentencing judge would have viewed the factors of Staton's case in a different light and sentenced him accordingly. Similarly, under a different set of circumstances, the sentence as imposed might have been deemed manifestly unreasonable. But those are not questions before us today. *Belcher v. State* (1989) 2d Dist. Ind.App., 546 N.E.2d 1276, 1278, *trans. denied* (post-conviction court solely weighs evidence and judges witness credibility). Upon appeal, we will not reverse an adverse determination unless the evidence "is without conflict and leads exclusively to a conclusion contrary to that reached by the post-conviction court." *Id.*

5. We are somewhat at a loss as to Staton's third argument. He states the PCR Court "ERRED IN RESENTENCING STATON WHEN HE WAS NOT PERSONALLY PRESENT." Brief of Appellant at 17. Staton was present and represent-

ed by counsel at the trial as well as at the sentencing and PCR hearings. At the conclusion of the PCR hearing, the court took the matter under advisement and later rendered its decision based upon written findings of fact and conclusions of law. We know of no rule, nor has Staton directed us to one, that requires the defendant's presence at the time the PCR court enters its decision. Here, the PCR court denied Staton's request for relief; Staton was not, as he surmises, "resentenced" for his 1980 convictions.

6. Staton directs our attention to I.C. 35–4–6–1.5 (Burns Code Ed.1979) (appeal bonds) (for present provisions see I.C. 35–33–9–1 (Burns Code Ed.1985) and I.C. 35–50–2–2(a)(2) (Burns Code Ed.1979) (sentence reduction; probation) (for present provisions see I.C. 35–50–2–2 (Burns Code Ed.1985 & Supp.)) in support of his position. We assume, without deciding, that an appeal bond or probation would have been precluded by statute in Staton's case.

counsel was unable to secure a lesser sentence for him. Initially, we note that Staton's sentences were permitted by the prevailing sentencing statutes. Next, we are unpersuaded that counsel's requests for the most lenient of penalties for his client is indicative of either incompetence or inadequate representation. Given the lack of mitigating circumstances to countermand the aggravator found in this case, and in light of the sanctioned sentence enhancers available to the trial court, it is quite possible that trial counsel's advocacy was the only avenue open whereby the enhancements could be offset. *Schiro v. State* (1989) Ind., 533 N.E.2d 1201, *cert. denied,* 493 U.S. 910, 110 S.Ct. 268, 107 L.Ed.2d 218 (1989) (disadvantageous trial strategy does not constitute ineffective assistance). Thus, we agree with the PCR court's determination that Staton failed to show a reasonable probability that, notwithstanding trial counsel's course of representation, he would have received a lesser sentence.

■ Further, we decline to accept Staton's suggestion that counsel was ineffective for failing to allege improper sentencing upon direct appeal. A charge of incompetent or ineffective assistance of counsel may not be predicated upon the failure to present a particular claim upon appeal that is meritless. *Hill v. State* (1984) Ind., 462 N.E.2d 1048. Here, the trial court sentenced Staton within statutory boundaries. Thus, no reversible error was committed. *Altman v. State* (1984) Ind., 466 N.E.2d 716 (sentence imposed within trial court's discretion will not be disturbed upon appeal if authorized by statute unless no reasonable person would find sentence appropriate to offense and offender). The PCR Court correctly found that Staton failed to show appellate counsel was ineffective or that the appellate representation afforded Staton prejudiced him in any way.

The judgment of the PCR Court denying Staton's petition for post-conviction relief is affirmed.

KIRSCH, J., concurs.

RATLIFF, Senior Judge, concurs in result and files separate opinion.

RATLIFF, Senior Judge, concurring in result.

While I agree that the majority has reached a correct result in this case and concur in affirming the judgment, I cannot and do not agree that ordinarily a single aggravating factor should not be used both to enhance a sentence and to impose consecutive sentences unless it is particularly egregious. The majority in so holding is adding a factor which has neither statutory nor case law basis. In fact, I believe our case law clearly indicates the contrary.

Only one aggravating factor is necessary to support an enhanced sentence. *Duvall v. State* (1989), Ind., 540 N.E.2d 34, 36; *Schick v. State* (1991), Ind.App., 570 N.E.2d 918, 925; *Moore v. State* (1991), Ind.App., 569 N.E.2d 695, 699. The same aggravating factors may be used both to enhance a sentence and impose consecutive sentences. *Parrish v. State* (1987), Ind., 515 N.E.2d 516, 521; *Moore* at 699. While both *Parrish* and *Moore* involve more than one aggravating factor, neither suggest that multiple factors are required to support both enhancement and imposition of consecutive sentences. Indeed, if the same factors can support both, and a single factor will support either, there is no logical reason why that same single aggravating factor cannot support both. This court recently has so held. *Cleary v. State,* Ind.App., 638 N.E.2d 431. Despite the majority's criticism of *Cleary,* I believe it correctly states the law and I would follow that decision.

Neither can I subscribe to footnote 4 in the majority opinion. It is not our function to speculate concerning what some other judge may or may not have done or as to what might have been appropriate under other circumstances.

With the reservations herein expressed, I concur in the result.