**Marcus PAYNE, Appellant–Defendant,**

**v.**

**STATE of Indiana, Appellee.**

**No. 49A02–9608–CR–482.**

Court of Appeals of Indiana.

Nov. 18, 1997.

M.E. Tuke, Indianapolis, for Appellant–Defendant.

Jeffrey A. Modisett, Attorney General, Carol A. Nemeth, Deputy Attorney General, Indianapolis, for Appellee.

## OPINION

SULLIVAN, Judge.

Appellant, Marcus Payne (Payne), appeals his jury convictions for rape, a Class A felony, robbery, a Class A felony, criminal confinement, a Class B felony; and battery, a Class C felony. Two issues are presented on appeal:

(1) whether the evidence presented by the State was sufficient to support his convictions; and

(2) whether the trial court judge improperly imposed enhanced and consecutive sentences.

We affirm.

The facts most favorable to judgment are as follows: At approximately 5:00 a.m. on March 24, 1995, M.H. was approached by an African–American male in the parking lot of the Briarwood Apartments. The man pointed a gun at M.H. and demanded money. She provided him with forty dollars and asked that he not hurt her.

Subsequently, the individual demanded that M.H. take him home in her automobile.

While M.H. was driving, the man shot her in her right hip, purportedly to "show [her] that he was in charge, to show [her] that he wasn't playing around." Record at 276. Eventually, he told M.H. to turn onto a secluded dirt road.

After the car became stuck in the mud, the man ordered M.H. to move to the back seat and lie down. He told M.H. to pull her pants down and proceeded to rape her for approximately twenty minutes. Thereafter, he threatened to kill her, but she was able to dissuade him. Before departing, the man asked M.H. if she had anything else he could steal, and she gave him her necklaces.

M.H. was subsequently hospitalized for her injuries. After she was released, M.H. provided the police with a statement and a description of the perpetrator. She later testified that she had sufficient time to observe her attacker. Based upon this description, the investigating officer made a computerized composite picture which was distributed to other police officers and residents of nearby apartment complexes.

On April 2, 1995, Payne was detained by police on an unrelated charge and a photograph of him was obtained. A photo array was subsequently presented to M.H., which was comprised of the photographs of six African–American men, including Payne. The five other men included had approximately the same physical description as Payne. From this photo array, M.H. identified Payne as the man who attacked her.

During trial, the State presented evidence that the bullet removed from M.H. matched a gun found in the appellant's apartment. In addition, a DNA analyst testified that DNA patterns found on the vaginal swab and on the victim's jeans matched a blood sample provided by Payne. Based upon this and other evidence, Payne was convicted on all counts. Payne was sentenced to forty-five years for the rape, forty-five years for the robbery, twenty years for the confinement, and eight years for the battery. The trial court ordered that the rape, robbery, and battery sentences be served consecutively, with the confinement sentence to be served concurrently with the rape sentence.

## I. Sufficiency of the Evidence

In a criminal appeal, the State is entitled to the most favorable interpretation of the evidence and all inferences reasonably received therefrom. *Boushehry v. State* (1995) Ind.App., 648 N.E.2d 1174, 1176, *reh'g denied.* Evidence is not reweighed, nor is the credibility of witnesses reassessed. *Id.* Reversal is appropriate only where the appellate court is convinced as a matter of law that the verdict is not supported by the facts of the case and any inferences derived therefrom. *Binkley v. State* (1995) Ind., 654 N.E.2d 736, 737, *reh'g denied.*

Payne challenges the sufficiency of the State's evidence. First, he claims that the victim could not have observed the assailant because the incident occurred before dawn. Alternatively, he alleges that the pre-trial identification was impermissibly suggestive.

Because the jury determined that the victim was able to identify her assailant despite the dark and inclement conditions, we will not superimpose our assessment of the evidence over the appropriate and reasonable assessment made by the jury.

In addition, Payne does not sustain his argument that the pre-trial identification was impermissibly suggestive. In the case of photographic displays, the total circumstances and facts of the case need be reviewed to determine whether the display was impermissibly suggestive. *Utley v. State* (1992) Ind., 589 N.E.2d 232, 237, *cert. denied* (1993) 506 U.S. 1058, 113 S.Ct. 991, 122 L.Ed.2d 142. Due process is only offended when verbal communications accompany the viewing, or unduly suggestive graphic characteristics emphasize the defendant's photograph. *Lane v. State* (1983) Ind., 445 N.E.2d 965, 967.

The photo array was composed of the photograph of Payne and those of five other African–American men with similar physical characteristics. The investigating officer used a computer to produce the photographs of the individuals with similar characteristics. The photographs bore no reference to the identities of the respective persons. When the photo array was presented to the victim, there was no suggestion that the picture of

the defendant was among the group. The officer also reminded the victim that certain characteristics, such as hair length, could be easily altered. As such, the photo array was not impermissibly suggestive.

The identification evidence might well alone support the convictions. Such evidence, however, was in conjunction with the bullet-gun match and the DNA evidence. The evidence was clearly adequate.

## II. Sentencing

 The trial court has discretion to impose sentences and will not be reversed unless the sentence is manifestly unreasonable. *Wells v. State* (1990) Ind.App., 555 N.E.2d 1366, 1373, *reh'g denied.* A sentence is manifestly unreasonable if no reasonable person could find that the sentence was appropriate for the crime committed and the nature of the perpetrator. *Browning v. State* (1991) Ind.App., 576 N.E.2d 1315, 1319, *op. on reh'g.*

 To facilitate appellate review, the trial court must state its reasoning with regard to the sentence that it has imposed if more than the presumptive sentence or if made discretionarily consecutive. *Morgan v. State* (1996) Ind., 675 N.E.2d 1067. Specifically, the sentencing statement must contain three elements: "(1) it must identify all of the *significant* mitigating and aggravating circumstances, (2) it must state the specific reason why each circumstance is considered to be mitigating or aggravating, and (3) it must articulate that the court evaluated and balanced the mitigating circumstances to determine if the mitigating circumstances offset the aggravating circumstances." *Scheckel v. State* (1995) Ind., 655 N.E.2d 506, 509. Mere recitation of statutory factors is insufficient to justify enhancement of the sentence; rather, facts particular to the defendant and his crime must be specifically noted as aggravators. *Barker v. State* (1987) Ind., 508 N.E.2d 795, 798.

 As observed in *Staton v. State* (1994) Ind.App., 640 N.E.2d 741, 743, *trans. denied,* "ordinarily, a single aggravating factor should not be used both to impose an enhanced sentence and consecutive sentences." However, an exception may be made if the single aggravating factor is particularly egregious. *Id.*

Some decisions have not reflected this view. Rather, they have held that any single aggravating factor may support both an enhanced and consecutive sentence. *Davidson v. State* (1990) Ind., 558 N.E.2d 1077, 1092; *Ridenour v. State* (1994) Ind.App., 639 N.E.2d 288, 298. However, as noted in *Staton,* an actual application of this rule is rarely invoked. Rather, in almost all circumstances, distinct aggravating factors justify the imposition of both enhanced and consecutive sentences. *See Johnson v. State,* (1997) Ind., 345 N.E.2d 687.

In the present case, the trial court noted many aggravating circumstances which might justify the imposition of enhanced or consecutive sentences. With respect to Counts I, III, and IV, this court does not hesitate to affirm the lower court's determination. On all such counts, the court properly articulated the factors it considered to be aggravating, specifically found that there were no mitigating circumstances, and provided a detailed explanation of its reasoning in imposing enhanced and consecutive sentences. Moreover, with regard to Counts I and IV, the court did not use the same aggravator to impose enhanced and consecutive sentences.[1]

 However, the same aggravator was used by the trial court to justify an enhanced and consecutive sentence for Count II, the robbery.[2] Yet, the failure of the trial judge to accurately state the applicable aggravators

---

1. Count III runs concurrently with the other counts. As such, more than one aggravator is not necessary for the enhanced sentence for confinement.

2. The court enhanced the robbery sentence because the victim "had already been shot and raped at the time that the robbery was commit-

ted." Record at 1039. The same count was also ordered to be served consecutively because of the "whole series of events, and the fact that you at any time could have stopped engaging in criminal activity, but nevertheless continued in your acts of terror against the victim." Record at 1042-43.

does not necessarily mandate remand. Rather, "[w]hen the record indicates that the trial judge engaged in the evaluative processes but simply did not sufficiently articulate his reasons for enhancing sentence and the record indicates that the sentence imposed was not manifestly unreasonable, then the purpose underlying the specificity requirement have [sic] been satisfied." *Cleary v. State* (1996) Ind.App., 663 N.E.2d 779, 785. Otherwise stated, if a trial court imposes an enhanced or consecutive sentence upon an invalid aggravator, the appellate court may nonetheless affirm the decision if sufficient aggravating circumstances otherwise exist to support the lower court ruling and it appears that the invalid aggravator had little, if any, impact upon the sentence. *Day v. State* (1990) Ind., 560 N.E.2d 641, 643.

The trial court placed great emphasis upon Payne's prior criminal history as an aggravating factor. However, the focus of the court was narrow, citing as the applicable aggravator Payne's "prior criminal history which involves the victimization and the terrorization of women in this community." Record at 1037. As a result, the trial court only used this aggravator to enhance the rape and battery counts, as the court found those crimes specifically to involve the victimization of women. On the other hand, the court chose not to apply this aggravator to what it considered gender-neutral crimes, namely robbery and confinement.

However, the record reveals that Payne maintains a much more prolific criminal history, all of which does not directly relate to women. On January 22, 1992, the defendant was arrested for unlawful use of a weapon in Chicago. Later that year, Payne was arrested for theft and unlawful use of a weapon. No disposition on either case appears of record in this case. On April 2, 1995, the defendant was arrested for his involvement in the attempted theft of an automobile. Payne served four days on the resulting charge of attempted criminal conversion, with 361 days suspended. On May 4, 1995, the defendant was arrested and charged with criminal confinement and battery in connection with an attempted hi-jacking. He was found guilty and sentenced to twenty years.

Since the time of his arrest on the instant charge, he has been charged in a separate incident with rape, criminal deviate conduct, burglary, two counts of robbery, and two counts of criminal confinement. At the time of trial, this case was still pending.

As his criminal history indicates, Payne's transgressions have not been committed exclusively against women. Therefore, the trial judge was under no obligation to limit the use of his previous offenses and conduct as an aggravator to enhance the sentences imposed. Specifically, the trial court would have been justified in using evidence of the defendant's criminal history as an aggravator to enhance the robbery count. As a result, we find that the imposition of enhanced and consecutive sentences was not manifestly unreasonable with regard to the robbery conviction under Count II.

The judgment of the trial court is hereby affirmed.

FRIEDLANDER and DARDEN, JJ., concur.