**Robert THORNE, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

**No. 26A01–9703–CR–83.**

Court of Appeals of Indiana.

Nov. 19, 1997.

Rehearing Denied Feb. 11, 1998.

Timothy R. Dodd, Evansville, for Appellant–Defendant.

Jeffrey A. Modisett, Attorney General, Katherine L. Modesitt, Deputy Attorney General, for Appellee–Plaintiff.

**OPINION**

NAJAM, Judge.

**FACTS AND PROCEDURAL HISTORY**

On October 3, 1996, Robert Thorne pled guilty to Dealing in a Controlled Substance,

---

as a Class B felony. The trial court later sentenced Thorne to an enhanced term of seventeen years. At the time of his arrest in Indiana, Thorne was out on bond for a felony drug offense that he had committed in Texas in December of 1995. In August of 1996, Thorne pled guilty to that offense before the United States District Court for the Western District of Texas, Pecos Division, and he received a five-year term.

Pursuant to Indiana Code § 35–50–1–2(d)(2)(B), the Indiana trial court ordered that Thorne serve his term consecutive to his five-year federal term. The court also relied upon his previous Texas felony conviction to enhance his sentence from the ten-year presumptive term. The sole issue presented for our review is whether the trial court abused its discretion when it sentenced Thorne.[1]

We affirm.

## DISCUSSION AND DECISION

The Indiana Constitution authorizes this court to review and revise sentences. IND. CONST. art. VII, § 4. Sentencing is within the discretion of the trial court, and our court will not revise a sentence unless it is manifestly unreasonable or contrary to law. Ind. Appellate Rule 17(B); *Metzler v. State*, 540 N.E.2d 606, 610 (Ind.1989). The trial court must include with the record a statement of its reasons for selecting the sentence if the court finds aggravating or mitigating circumstances. IND.CODE § 35–38–1–3; *Woods v. State*, 677 N.E.2d 499, 502 (Ind.1997). The court may consider the defendant's prior criminal history in enhancing the defendant's sentence from the presumptive term. IND. CODE § 35–38–1–7.1(c). Pursuant to Indiana Code § 35–50–1–2(d)(2)(B), if a person commits a crime while released on bond for another crime, the trial court must order the

person to serve the resulting sentences consecutively.

■ Thorne contends that the trial court abused its discretion when it issued its sentencing order. Specifically, he argues that when the trial court is mandated to impose consecutive sentences pursuant to Indiana Code § 35–50–1–2(d)(2)(B), the court is then precluded from using the same crime to enhance the defendant's sentence under Indiana Code § 35–38–1–7.1(c). Stated differently, he argues that the trial court cannot use a single aggravating factor both to enhance a sentence and to impose consecutive sentences. We do not agree.

Indiana courts have consistently held that statutory provisions regarding sentence enhancement and consecutive sentencing are not mutually exclusive. *See e.g., Tyra v. State*, 506 N.E.2d 1100, 1103 (Ind.1987); *Warren v. State*, 470 N.E.2d 342, 345 (Ind. 1984). Our supreme court has also stated that "there is no constitutional or statutory prohibition against using the same factors to both enhance a sentence and impose consecutive terms." *Parrish v. State*, 515 N.E.2d 516, 521 (Ind.1987);[2] *see also Bish v. State*, 421 N.E.2d 608, 616 (Ind.1981). However, Thorne directs us to *Smith v. State*, 655 N.E.2d 532 (Ind.Ct.App.1995), *trans. denied*, and *Staton v. State*, 640 N.E.2d 741 (Ind.Ct. App.1994), *trans. denied*, in which this court asserted that "the use of the plural 'factors' implies the existence of more than one aggravator if there is to be both enhancement and consecutive sentences." *Smith*, 655 N.E.2d at 542; *Staton*, 640 N.E.2d at 743. The *Staton* majority further stated:

> It would seem ... that ordinarily, a single aggravating factor should not be used both to impose an enhanced sentence and consecutive sentences. Only where the single

1. Thorne also argues that the trial court abused its discretion by relying on the federal conviction to order that the minimum sentence for a Class B felony be executed pursuant to Indiana Code § 35–50–2–2. However, he fails to cite to any authority or present cogent argument on this issue, and we decline to address it. *See* Ind. Appellate Rule 8.3(A)(7).

2. *Parrish v. State*, 515 N.E.2d at 521, reviewed the application of Indiana Code § 35–50–1–2(c)

which grants the trial court discretion to decide whether a defendant should serve concurrent or consecutive terms. A defendant's past criminal history is a relevant consideration to that decision. IND.CODE § 35–50–1–2(c). We see no reason to draw a distinction between *Parrish* and the present case in which the court must order the defendant to serve consecutive sentences if he commits a crime after having been released on bond for another crime.

aggravating factor is particularly egregious should it be used for both purposes.

*Staton,* 640 N.E.2d at 743 (holding that single aggravator used by the court was particularly egregious).

We disagree with the court's conclusions in *Smith* and *Staton.* While they are correct in noting that most of the relevant cases refer to "factors" in the plural, we do not believe that those cases intended to distinguish between sentences which rely on a single factor and those that rely on multiple factors to support an enhanced sentence and to impose consecutive sentences. Rather, the cases refer to "factors" in the plural simply because the trial court had, in fact, articulated multiple aggravators in its sentencing order. *See e.g., Stewart v. State,* 531 N.E.2d 1146, 1150 (Ind.1988); *Idle v. State,* 587 N.E.2d 712, 715 (Ind.Ct.App.1992), *trans. denied; Ridenour v. State,* 639 N.E.2d 288, 298 (Ind.Ct.App. 1994). Further, we agree with Judge Ratliff's concurring opinion in *Staton* in which he stated:

> While I agree that the majority has reached a correct result ... I cannot and do not agree that ordinarily a single aggravating factor should not be used both to enhance a sentence and to impose consecutive sentences unless it is particularly egregious. Only one aggravating factor is necessary to support an enhanced sentence. The same aggravating factors may be used both to enhance a sentence and impose consecutive sentences. *Parrish v. State* (1987), Ind. 515 N.E.2d 516, 521; *Moore [v. State* (1991), Ind.App. 569 N.E.2d 695, 699]. *While both Parrish and Moore involve more than one aggravating factor, neither suggest that multiple factors are required to support both enhancement and the imposition of consecutive sentences. Indeed, if the same factors can support both, and a single factor will support either, there is no logical reason why that same single aggravating factor cannot support both.*

*Staton,* 640 N.E.2d at 742 (Ratliff, J., concurring in result) (citations omitted) (emphasis added).

■ We are persuaded that the distinction first articulated in *Staton* and asserted by

Thorne on appeal is not supported by Indiana case law. Nor is it either constitutionally or statutorily mandated. The statutes at issue here serve separate purposes. In the trial court's discretion, a prior criminal conviction may be used to enhance a presumptive sentence. In addition, our legislature has made certain that if a crime occurs while the defendant is released on bond, the trial court shall impose a consecutive sentence for that crime. In order to effectuate legislative intent, we hold that mandatory application of Indiana Code § 35–50–1–2(d)(2)(B) does not preclude a trial court from imposing an enhanced sentence based upon that same crime. Thus, the trial court did not abuse its discretion when it sentenced Thorne to an enhanced term and when it ordered him to serve that sentence consecutive to the term imposed by the federal court.

Affirmed.

BAKER and GARRARD, JJ., concur.