**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**

ATTORNEY FOR APPELLANT:

**MARCE GONZALEZ, JR.**
Dyer, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**BRIAN REITZ**
Deputy Attorney General
Indianapolis, Indiana



**FILED**

Aug 31 2012, 9:19 am

CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| JEREMY LAMAR LLOYD, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 45A04-1202-CR-79 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE LAKE SUPERIOR COURT
The Honorable Clarence D. Murray, Judge
Cause No. 45G02-1108-FB-85 and 45G02-1109-FB-87

**August 31, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**KIRSCH, Judge**

Jeremy Lamar Lloyd ("Lloyd") appeals his sentences for two counts of burglary[1] as Class C felonies contending the trial court erred in finding the nature and circumstances of his crimes were aggravating factors and that his aggregate sentence is inappropriate.

We affirm.

## FACTS AND PROCEDURAL HISTORY

Lloyd committed two residential burglaries in Lake County, Indiana in August of 2011. Pursuant to a plea agreement, Lloyd pleaded guilty to the two burglaries. At sentencing, the trial court listed as aggravating circumstances the following:

> 1.     The defendant has an extensive history of juvenile adjudications and a felony conviction. The defendant was convicted in this Court of Robbery, a Class C Felony and violated the probation component of the sentence.
> 2.     The Court finds the nature and circumstances of the crime to be a significant aggravating factor in that in both cases the defendant also admits to having committed the offenses of Burglary as set forth in the Stipulated Factual Basis. Also, there are multiple offenses being pleaded to and committed within thirty days of each other.

*Appellant's Br.* at 9. The trial court identified Lloyd's admission of guilt and expression of remorse as mitigating circumstances and sentenced Lloyd to seven years for each of the burglaries and ordered the sentences to be served consecutively for an aggregate sentence of fourteen years.

## DISCUSSION AND DECISION

The trial court did not explain why it found the nature and circumstances of Lloyd's two burglaries to be an aggravating factor, and nothing in the record supports the conclusion that either of the burglaries was egregious in nature. The State contends that the trial court

---

[1] *See* Ind. Code. § 35-43-2-1.

2

was referring to proximity of the offenses in its reference to the nature and circumstances of the crime, and argues that such proximity is a valid aggravator. We agree. At sentencing, the trial court identified the nature and circumstances of the crimes as a significant aggravating factor "in that we have two burglaries committed within thirty days of each other. Multiple offenses." *Tr.* at 30-31.

Moreover, were we to hold that the trial court erred in finding the nature and circumstances of Lloyd's offenses was an aggravating circumstance, such error was harmless because we are confident that the trial court would have imposed the same sentence without the improper aggravator. *See Anglemyer v. State,* 868 N.E.2d 482, 491 (Ind. 2007). The record clearly indicates that the trial court was concerned with Lloyd's escalating criminal history calling it "horrendous" for a person his age. *Tr.* at 29. The trial court told Lloyd at sentencing, "You are a danger to the community without a doubt and I just don't think you're getting it." *Id.* at 29-30. A single aggravating circumstance is sufficient to support enhanced and consecutive sentences. *See Thorne v. State*, 687 N.E.2d 604, 606 (Ind. Ct. App. 1997).

Lloyd also argues that his aggregate sentence is inappropriate and asks this court to revise it pursuant to Appellate Rule 7(B) which provides that a court "may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." Assuming without deciding that the nature of Lloyd's offenses was not extraordinary, we find that Lloyd's aggregate sentence is not inappropriate in light of Lloyd's character as disclosed by his extensive criminal history. Lloyd had juvenile adjudications for

3

auto theft, criminal trespass, resisting law enforcement, and fleeing law enforcement. As an adult, he was convicted of robbery as a Class C felony, for which he was on probation when he committed the two burglaries at issue here.

Affirmed.

NAJAM, J., and MAY, J., concur.